### In re Hamilton JORDAN.

### No. 79-7.

United States Court of Appeals, District of Columbia Circuit.

Oct. 16, 1984.

Division for the Purpose of Appointing Independent Counsel Ethics in Government Act of 1978.

Richard G. Parker, Zoe E. Baird and Lloyd N. Cutler, Washington, D.C., were on the application for attorney's fees on behalf of applicant.

William Kanter and John F. Cordes, Attys., Dept. of Justice, Washington, D.C., were on the motion in opposition to application for attorney's fees for the Atty. Gen.

## ON APPLICATION FOR ATTORNEY'S FEES

Before ROBB, LUMBARD and MORGAN, Senior Circuit Judges.

Opinion for the Court filed by Senior Circuit Judge ROBB.

ROBB, Senior Circuit Judge:

Hamilton Jordan seeks an award from the federal government of attorney's fees incurred as a result of the investigation of allegations that he violated the law, pursuant to the Ethics in Government Act, 28 U.S.C. §§ 591–98. We deny his application.

On November 29, 1979, this court, at the request of the Attorney General, appointed Arthur H. Christy, Esq., special prosecutor to investigate allegations that White House official Hamilton Jordan, then White House Chief of Staff, had engaged in illegal drug use. The special prosecutor, after an investigation of six months, concluded that there was insufficient evidence to warrant Jordan's indictment and, by order of this court, the report was released to the public on May 28, 1980.

Mr. Jordan alleges that he incurred $67,-553.20 in legal fees in connection with the investigation. He asserts that the fees are for 701.75 hours of attorney time, 197.5 hours of legal assistant time, and disbursements. Of these amounts, well over two-thirds of the fees incurred were in connection with the preliminary investigation by the Department of Justice, with fees for only 188 attorney hours and 27 of the legal assistant hours being incurred during the actual investigation by the special prosecutor.

Effective January 5, 1983, Congress amended the Ethics in Government Act in several respects. *See* S.Rep. No. 496, 97th Cong., 2d Sess. 3, 11–12, 14, 18, 36 (1982), U.S.Code Cong. & Admin.News 1982, p. 3537. The amendments reduced the class of people subject to the Act, extended the effective dates of the Act, changed the standard for initiating an investigation, and changed the title of "special prosecutor" to "independent counsel". Most important here, the amendments added a provision for the award of attorney's fees.

> Upon request by the subject of an investigation conducted by an independent counsel pursuant to this chapter, the division of the court may, in its discretion, award attorney's fees incurred by the subject during such investigation if—
>
> (1) no indictment is brought against such subject; and
>
> (2) the attorney's fees would not have been incurred but for the requirements of this chapter.

28 U.S.C. § 593(g) (as amended by Pub.L. 97–409, § 5).

Although Mr. Jordan's case was closed over four years ago, he requests this court to award him attorney's fees under a provision enacted one and a half years prior to his application filed July 11, 1984. The Attorney General filed an amicus brief at the request of this court, responding to Jordan's application and opposing it. We have considered the Attorney General's brief and Jordan's subsequent reply. Jordan's principal arguments in support of this application are that the amendment was passed in response to his experience under the original Act, that the amendment allowing attorney's fees does not state that it is not retroactive, and that we should apply the law in effect at the time of this decision, that is, current 28 U.S.C. § 593(g).

█ The first argument collapses of its own weight: it is clear that Congress was aware of the costs Mr. Jordan incurred during the special prosecutor's investigation. *See Hearings before the Subcommittee on Oversight of Government Management of the Committee on Government Affairs*, 97th Cong., 1st Sess. 141

("Ham Jordan spent, apparently, quite a bit of money, too, $100,000 or so."); 178 (this investigation reportedly caused Mr. Jordan to incur over $100,000 in legal fees.") (1977); S.Rep. 496, *supra*, at 18. If Congress had intended that Mr. Jordan be reimbursed for his attorney's fees, Congress would have provided therefor. Yet, despite the numerous references to the expenses Mr. Jordan incurred in connection with the special prosecutor's investigation of him, there is no indication in the hearings or in the legislative history of the amendment that suggests Congress intended that there be reimbursement for expenses incurred prior to the amendment.

▆▆▆ The second argument presented for awarding attorney's fees disregards settled principles of statutory construction applicable to this situation. Section 593(g), permitting the subject of an independent counsel's investigation to recover attorney's fees in particular cases, is a waiver of the United States' sovereign immunity. *See NAACP v. Civiletti*, 609 F.2d 514, 516 (D.C.Cir.1979), *cert. denied*, 447 U.S. 922, 100 S.Ct. 3012, 65 L.Ed.2d 1114 (1980). Waivers of sovereign immunity must be strictly construed. *Ruckelshaus v. Sierra Club*, 462 U.S. 680, 103 S.Ct. 3274, 3277, 77 L.Ed.2d 938 (1983); *McMahon v. United States*, 342 U.S. 25, 27, 72 S.Ct. 17, 19, 96 L.Ed. 26 (1951); *Nichols v. Pierce*, 740 F.2d 1249, 1255 (D.C.Cir.1984). The 1983 amendment to the Ethics Act was enacted against the backdrop of the American Rule: "absent statute or enforceable contract, litigants pay their own attorneys' fees." *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 257, 95 S.Ct. 1612, 1621, 44 L.Ed.2d 141 (1975). The Supreme Court in *Alyeska* required "specific and explicit [statutory] provisions for the allowance of attorneys' fees," *id.* at 260, 95 S.Ct. at 1623, instead of judicially created fee-shifting categories. Congress did not state or imply that the attorney's fees amendment to the Ethics Act would apply retroactively. Therefore, the fact that the amendment does not specifically exclude retroactive fee applications is of little importance to our construction of the amendment.

A "fair reading of the language," *Ruckelshaus v. Sierra Club, supra*, 103 S.Ct. at 3277, makes clear that the attorney's fees amendment was not intended to operate retroactively. The subsection refers to subjects of an independent counsel's investigation, not a special prosecutor's investigation. The language demonstrates the prospective nature of the amendment. Moreover, the attorney's fees measure interacts with the other amendments, which are intended to reduce unnecessary investigations and their attendant expenses from arising. *See* S.Rep. No. 946, *supra*, at 19. The Report from the Congressional Budget Office on the costs of the 1983 amendments refers only to future investigations in future years. *See id.* at 23.

Finally, a litigant cannot wait until four years after his case is closed to apply for attorney's fees, then argue that the law at the time of his application is controlling. Section 593(g) does not apply retroactively, and Mr. Jordan's case was not pending at the time the Act was passed. Of course, *Bradley v. Richmond School Board*, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974), allowing attorney's fees although the statute was not enacted until the case was pending on appeal, has no application as the Jordan investigation had been concluded before the enactment of the 1983 amendment.

For all the above reasons, we conclude that 28 U.S.C. § 593(g) is not applicable to the investigation of Mr. Jordan, and we therefore deny his request for attorney's fees.