**In re Franklyn C. NOFZIGER.**

**Division No. 87–1.**

United States Court of Appeals,
District of Columbia Circuit.

July 30, 1991.

Robert Plotkin, E. Lawrence Barcella, Jr., and Sandra Wilkinson, were on the Petition for Rehearing, Washington, D.C., for petitioner.

Before MacKINNON, Presiding, and BUTZNER and PELL, Senior Circuit Judges.

ON PETITION FOR REHEARING

Opinion for the Court filed PER CURIAM.

PER CURIAM:

Franklyn C. Nofziger petitions for rehearing of this court's decision *In re Nofziger*, 925 F.2d 428 (D.C.Cir.1991), which held that his application for an award of attorneys' fees incurred during the investigation and prosecution by Independent Counsel James C. McKay did not satisfy the statutory requirements. He now claims that he was denied the right to file the necessary supporting data. In response to this claim, the court ordered him to file all the facts and legal authority he deemed necessary to prove his claim. On consideration of his Supplemental Submission the court continues to find that petitioner's submission is deficient in that he has not satisfied the "but for" requirement of section 593(f) for an award of attorneys' fees. Petitioner has submitted no proof that in his investigation and prosecution by Independent Counsel he was subjected to different standards of the criminal law than are applied to private citizens, or that he would not have been similarly investigated and prosecuted by the Department of Justice in the absence of the Ethics in Government Act, 28 U.S.C. § 591 *et seq.; In re Nofziger*, 925 F.2d 428, 444 (D.C.Cir. 1991). The petition for rehearing is denied.

## I. BACKGROUND

Franklyn C. Nofziger was investigated and prosecuted by Independent Counsel James C. McKay and convicted on three counts alleging violations of 18 U.S.C. § 207(c) which restricts certain senior personnel of the executive branch from communicating with the agency where they were formerly employed for one year after leaving government service. The Court of Appeals found the indictment to be deficient, reversed the convictions and remanded the case to the district court. *United States v. Nofziger*, 878 F.2d 442, 454 (D.C. Cir.1989). Independent Counsel then declined further prosecution and the indictments were dismissed with prejudice on joint motion of the parties.

### A. *Nofziger's Claim for Attorneys' Fees.*

Thereafter Nofziger applied to the Special Division for an award of his attorneys' fees notwithstanding his failure to satisfy the statute's "no indictment" restriction. He contended in his application that in reversing the convictions the court of appeals held "as a matter of law that *no indictment should have* been brought." Memorandum of Law, 1 (emphasis in original). The Special Division denied his claim on the asserted basis, *i.e.*, that "no indictment should have been brought," because that was not the basis of the court's decision. However, the Division *sua sponte* ruled that the "no indictment" condition required a *valid* indictment and that invalidation of the indictment for insufficiency obviated the "no indictment" requirement. Nonetheless, the Division held that Nofziger's application did not satisfy the statutory requirement of proving that his petition was for "attorneys' fees incurred by [him] during [an] investigation *which would not have been incurred but for the requirements of ... chapter [40]."* [1] 28 U.S.C. § 593(f)(1) (emphasis added). This is the "but for" requirement and petitioner had filed his petition for an award without submission of the facts or legal authority he now admits are necessary to support his claim.

Petitioner now contends that he was only seeking a ruling on the "no indictment" requirement and did not "[address] the 'but for' issue in a specific manner." Rehearing Petition, 2. The record contradicts that statement. Nofziger's Memorandum of

---

1. 28 U.S.C. § 593(f)(1) provides:

(f) Attorneys' fees

(1) Award of fees

Upon the request of an individual who is the subject of an investigation conducted by an independent counsel pursuant to this chapter, the division of the court may, if *no indict-* *ment* is brought against such individual pursuant to that investigation, award reimbursement for those reasonable attorneys' fees incurred by that individual during that investigation which would not have been incurred *but for* the requirements of this chapter.... (Emphasis added).

Law of Feb. 15, 1990, which accompanied his original application to the Special Division, addressed *both* the "no indictment" and the "but for" requirements. *Memo*, 4–5. It devoted two and one-half pages to arguing that Nofziger's application for attorneys' fees satisfied the "but for" requirement. In addition, in his application he made several contentions that the petition submitted material that satisfied the "but for" requirement. Furthermore, petitioner, having recognized that *both* the "no indictment" requirement and the "but for" requirement must be complied with to justify a fee award, then contended on the showing made in his "Application for Attorneys' Fees," that: "[H]e [Nofziger] is entitled to attorneys' fees pursuant to Section 593(f)." *Id.*, 15. According to petitioner's theory, his asserted compliance with both the "no indictment" and the "but for" requirements entitled him to his attorneys' fees and all that remained was to "submit for the court's decision his proposed schedule of attorneys' fees to be reimbursed under Section 593(f)."

B. *Petitioner's Response to Order Requesting All Supporting Law and Facts.*

Because the Petition for Rehearing and the original application both failed to present the necessary legal or factual support for his fee request, the court by its order of March 2, 1991 directed petitioner to submit for the court's review his

[(1)] "proposed schedule of attorneys' fees that [allegedly] would not have been incurred but for the requirements of the Independent Counsel Act," (and the contract therefor), *and [(2)] all additional material facts and legal authority he considers may be necessary to demonstrate that all or any part of his attorneys' fee application satisfies the statutory test.*

Order of March 2, 1991 (emphasis added). ▮ In response to the court's order, petitioner has submitted extensive material with respect to his attorneys' fees, their reasonableness, the nature of the services, time spent, etc., but has failed to prove compliance with the "but for" requirement. Thus, even after the opinion in *In re Nofziger*, 925 F.2d 428 (D.C.Cir.1991), petitioner maintains that all that remains for him to do to prove entitlement is to submit his attorneys' fees, show they are reasonable and were rendered in connection with the independent counsel investigation. In this respect petitioner is in error. He misconstrues what Congress required by the "but for" requirement.

The court's opinion *In re Franklyn C. Nofziger, supra,* prescribes the standard a subject must meet if he is to satisfy the "but for" requirement. Petitioner must first satisfy the statutory requirement that the "reasonable attorneys' fees incurred by that individual during that investigation ... would not have been incurred *but for* the *requirements* of this chapter [40]." 28 U.S.C. § 593(f) (emphasis added). *See supra* note 1. Under the statute, as clarified by its legislative history, the *first* requirement a subject must meet is to submit legal and factual authority proving that he was subjected to an investigation and prosecution that satisfy the "but for" requirement, *i.e.,* an investigation that subjected him to different standards of the criminal law than are applied to private citizens, or by another congressional formulation, that constituted a more rigorous application of the criminal law than is applied to private citizens. Since petitioner did not submit legal authority or facts demonstrating compliance with that requirement, a reading of the entire transcript and record was necessary in order to rule on petitioner's request. Tr.Vol. 1 and 880–4170. Such review failed to disclose any support for petitioner's claim that his investigation satisfied the "but for" standard. *See In re Nofziger,* 925 F.2d at 450.

The standard for compliance with the "but for" requirement is outlined at length in the court's *Nofziger* opinion, which sets forth much of the relevant legislative history of the Ethics in Government Act to which reference is directed. That opinion points out that Congress indicated in its legislative history that the "but for" standard requires a showing that petitioner was subjected to "a more rigorous [or

stricter] application of criminal law" or to "the application of different standards of criminal law in [his] *investigation*" than is applied to persons not covered by the Act. 925 F.2d at 444 (emphasis added). The congressional objective in adopting section 593(f) was to free covered officials from being investigated or prosecuted for alleged criminal activity which is not or is rarely prosecuted by the Department of Justice. *See In re Jordan,* 745 F.2d 1574 (D.C.Cir.1984). In other words, Congress sought to prevent the investigation or prosecution of covered public officials for alleged offenses under a different standard of criminal law than is applied to those not covered by the Act.

The court also defined the term "requirements" in section 593(f) to include

> the special limitations and procedures established by the Act, for example, the two-step investigatory procedure by the Attorney General which includes the threshold determination "whether grounds to investigate exist" and the determination whether there are "reasonable grounds to believe that further investigation is warranted" and the investigatory, evidentiary, and time restrictions on the Attorney General in complying with that procedure.

*Nofziger,* 925 F.2d at 445.

Furthermore, the court held that Congress did not intend for it to reimburse a nonindicted subject of an investigation for those costs he may have incurred which are "inherent" in every independent counsel investigation.

> Congress was aware of such contention [that the appointment of independent counsel *necessarily* increases the costs to a subject]. Nevertheless, Congress refused to authorize reimbursement for such alleged "inherent" costs of subjects. If Congress had so intended it would have allowed for the reimbursement of *some* attorneys' fees in *every* independent counsel investigation in which no

indictment was brought. It did not do so.

*Id. See also id.* at 444–46. The legislative history of the attorneys' fees provision confirms this interpretation that most investigations would not satisfy the "but for" requirement. The Senate Report stated that because of the changes made to the standards used to trigger the preliminary investigation and independent counsel appointment, "reimbursement of attorneys' fees would be warranted, if at all, in only rare instances." S.Rep.No. 496, 97th Cong., 2d Sess. 19 (1982), U.S.Code Cong. & Admin.News 1982, 3537, 3555.

Lastly, the court laid out three circumstances in which the nonindicted subjects of independent counsel investigations have satisfied the "but for" requirement:

> First, the court has awarded fees in cases in which the subject is prejudiced by the Department of Justices's failure to comply with the substantial protective features of the Act.... Second, fees have been awarded because independent counsel's investigation constituted a substantial duplication of prior investigations.... Third, the court has awarded fees in two cases in which if the requirements of the Act, restricting the Attorney General's preliminary investigation, did not exist, the case could have been disposed of at an early stage of the investigation without seeking appointment of independent counsel.

*Id.* at 438. *See id.* at 438–39 & 445–46.

■ After reviewing all legal and factual material submitted by Nofziger and reading the *entire* trial transcript, the court held that the investigation and prosecution of Nofziger did not satisfy the "but for" requirement. There is nothing in the entire record to indicate that Nofziger would not have been similarly investigated and prosecuted by the Department of Justice if he were not a covered high official. In fact, the Deputy Attorney General in his application for appointment of independent counsel relied both on section 591(b)(8),[2]

---

**2.** 28 U.S.C. § 591(b)(8) covers:

the chairman and treasurer of the principal national campaign committee seeking the

election or reelection of the President, and any officer of that committee exercising au-

which covers high government officials, and upon section 591(c) which authorizes the investigation of any person other than a person described in subsection (b) (high government officials) and necessarily includes private citizens.[3] Section 591(b) *requires* the Attorney General to investigate whenever he receives sufficient evidence of the violation of federal laws; whereas section 591(c) is *discretionary* whenever evidence of a federal offense is received and investigation by the Department of Justice may result in a "personal, financial, or political conflict of interest." The fact that the Deputy Attorney General exercised his *discretion* to investigate Nofziger on the information received, which led to the appointment of an independent counsel, indicates the wholehearted support of the Department of Justice for the investigation and prosecution. The Attorney General's reliance on section 591(c) indicates that Nofziger was also investigated and prosecuted as a person other than a high government official, *i.e.*, in effect as a private citizen who had been employed by the government. And there is nothing in the record of the investigation and prosecution of Nofziger that indicates the application of any federal criminal law not equally applicable to private citizens.

Thus, since the entire record demonstrated that in the absence of the Ethics in Government Act Nofziger would nevertheless have been investigated and prosecuted by the Department of Justice for the same offenses and no special circumstances existed that would justify an award of fees, we held in *In re Nofziger, supra,* that Nofziger's application did not satisfy the "but for" requirement. In other words, Nofziger was investigated and prosecuted for offenses involving the same standard of criminal law as is regularly applied to pri-

vate individuals not covered by the Ethics in Government Act.

### C. Conclusion.

Nofziger's petition for rehearing is denied because he has not presented the court with law or facts which would lead it to change the conclusion of its prior opinion that Nofziger would have been similarly investigated and prosecuted in the absence of the Ethics in Government Act and was thus not investigated or prosecuted according to a higher standard of the criminal law. Nor has he demonstrated compliance in any other way with the "but for" requirement.

### II. MISCELLANEOUS CONTENTIONS

Apart from the failure of petitioner to prove compliance with the "but for" requirement, which failure is sufficient to deny all claims for fees, Nofziger also fails to demonstrate that the categories of fees for which he requests reimbursement would be otherwise compensable under section 593(f).

### (1) Inherent Independent Counsel Investigative Costs.

 It is apparent from the Supplemental Submission that Nofziger is seeking reimbursement for some attorneys' fees that are inherent in every independent counsel investigation. For example, petitioner seeks attorneys' fees for services rendered in reviewing the Ethics in Government Act and discussing strategy vis-a-vis the Independent Counsel. Congress, however, refused to authorize reimbursement for such fees inherent to the independent counsel process. *In re Nofziger,* 925 F.2d 428, 445 (D.C.Cir.1991). Had Congress intended to authorize payment of such inher-

---

thority at the national level, during the incumbency of the President.

**3.** 28 U.S.C. § 591(c) provides:

The Attorney General may conduct a preliminary investigation in accordance with section 592 if—

(1) the Attorney General receives information sufficient to constitute grounds to investigate whether any person other than a person described in subsection (b) may have violated

any Federal criminal law other than a violation classified as a Class B or C misdemeanor or an infraction; and

(2) the Attorney General determines that an investigation or prosecution of the person, with respect to the information received, by the Attorney General or other officer of the Department of Justice may result in a personal, financial, or political conflict of interest.

ently increased fees it would have allowed the reimbursement of some attorneys' fees in *every* independent counsel investigation in which no indictment is brought. But it did not do so. *Nofziger,* 925 F.2d at 445. *See supra* at 1401.

### (2) *Fees Incurred Prior to Appointment of Independent Counsel.*

■ Petitioner submits that certain fees incurred prior to appointment of Independent Counsel are reimbursable. Services provided immediately prior to and in anticipation of appointment of Independent Counsel are not compensable. *In re Meese,* 907 F.2d 1192, 1203 (D.C.Cir.1990). The Act restricts reimbursement to "fees incurred ... *during* that [independent counsel] investigation." 28 U.S.C. § 593(f)(1) (emphasis added). That means only fees incurred after the date that Independent Counsel was appointed. Petitioner requests the court to relax the definition of when an independent counsel investigation begins and therefore to expand Congress' waiver of sovereign immunity. He contends that because there is no mechanism in the Act to oppose the Attorney General's request for appointment of independent counsel, fees incurred before such appointment that otherwise satisfy section 593(f) should be reimbursable.

■ Congress did not provide in section 593(f) for the payment of fees incurred prior to the appointment of independent counsel. The United States, as sovereign, is absolutely immune from suit unless it consents to be sued. *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976) (quoting *United States v. Sherwood,* 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941)). The limitations and conditions that Congress imposes on waivers of sovereign immunity must be strictly observed. *Soriano v. United States,* 352 U.S. 270, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957); *In re Jordan,* 745 F.2d 1574, 1576 (D.C.Cir. 1984). Thus, the court must strictly construe the waiver of sovereign immunity found in section 593(f) of the Ethics in Government Act by closely adhering to the express statutory authorization for the re-

imbursement of attorneys' fees. *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 267–68, 95 S.Ct. 1612, 1626–27, 44 L.Ed.2d 141 (1975). Waivers of sovereign immunity are not subject to equitable expansion. *Monark Boat Co. v. NLRB,* 708 F.2d 1322, 1326 (8th Cir.1983) (thirty-day limit for submitting attorneys' fees in Equal Access to Justice Act cases constituted a waiver of sovereign immunity and cannot be expanded by an equitable interpretation simply because it was a broad remedial statute). In the Ethics in Government Act Congress limited the waiver of sovereign immunity to fees incurred *"during* that [independent counsel] investigation," (emphasis added), and the court is not free to expand that waiver to include fees incurred prior to the start of the investigation. Therefore, the court may not expand the congressional waiver of immunity in section 593(f) by implying a broader right to reimbursement or liberally construing the limitations and conditions which Congress attached to its waiver. *See In re Jordan,* 745 F.2d at 1576 (the court refused to retroactively apply the attorneys' fees provision).

### (3) *Attorneys' Fees Challenging the Constitutionality of the Act.*

■ Petitioner contends that his *attorneys' services* in challenging the constitutionality of the Ethics in Government Act satisfy the "but for" requirement and entitle him to be reimbursed therefor. However, defense tactics employed by defendant's counsel cannot satisfy the "but for" requirement. It is the character of the investigation and prosecution of the subject upon which compliance with the "but for" requirement depends. Here, there is no proof that the criminal law applied to Nofziger was any different or more rigorous than that applied to private citizens. *Cf., supra,* 1401. Therefore the "but for" requirement is not satisfied and petitioner has not proved to be entitled to any award of his attorneys' fees.

Petitioner cites *In re Olson,* 884 F.2d 1415, 1421 (D.C.Cir.1989), in support of his application. While one sentence in *Olson*

inadvertently indicates that the "but for" requirement was satisfied by counsel's unique research and litigation of the constitutional issue, *id.,* at 1421, it was actually the massive *duplication* of the *investigation* that satisfied the "but for" requirement by subjecting Olson to a more rigorous application of the criminal law than is applied to private citizens. The meaning intended to be conveyed by the referenced statement in *Olson* is that, the "but for" requirement having been satisfied by the duplicative investigation of Olson, the attorneys' services arguing constitutionality in the Supreme Court, which upheld the Act, *Morrison v. Olson,* 487 U.S. 654, 108 S.Ct. 2597, 101 L.Ed.2d 569 (1988), were unique, reasonable and compensable.

### (4) *Comments on Final Report.*

■ Nofziger's fees for attorneys' services rendered reviewing and responding to the Final Report of Independent Counsel in the second *Meese* investigation are not compensable. Section 594(h)(2) gives the court discretion to allow individuals named in a final report of an independent counsel to submit comments and factual information that in the discretion of the division of the court may be included as an appendix to the final report. The *subject* of that final report may be reimbursed for attorneys' fees incurred in commenting on the final report if they are related to his substantive defense. *See, e.g., In re Donovan,* 877 F.2d 982, 994 (D.C.Cir.1989); *In re Olson,* 884 F.2d 1415, 1421–22 (D.C.Cir.1989). However, there is no basis for Nofziger to recover fees for attorneys' services incurred with respect to comments submitted on the *Meese* Final Report as he was not a subject of that Final Report. The Act does not allow and the court has never granted reimbursement to individuals allowed to comment on a final report who were not the subject of the relevant investigation. Some statutory basis waiving sovereign immunity and providing for the payment of fees for such services rendered to non-subjects of the investigation is necessary and none exists.

### (5) *Duplication—New York Grand Jury Subpoena.*

■ Petitioner requests an award of attorneys' fees incurred for services rendered with respect to a grand jury subpoena, issued by the United States Attorney in New York before independent counsel was appointed. The subpoena was withdrawn before response was made. Petitioner asserts that the material collected in response to the New York grand jury subpoena was later helpful in responding to an Independent Counsel subpoena that "duplicated portions" of the prior subpoena. Such fees, *even if Nofziger satisfied the "but for" requirement,* would not be reimbursable because the Independent Counsel investigation had not started. *See supra* at 1403. Furthermore, they would not be reimbursable because the Act does not authorize reimbursement for such minor duplication. The court has stated that, given compliance with the "but for" requirement, "fees have been awarded because independent counsel's investigation constituted a *substantial* duplication of prior investigations." *Nofziger,* 925 F.2d at 438 (emphasis added). This is not a case, as in *Olson* or *Perry,* in which the independent counsel's investigation substantially duplicated extensive investigations by other Government entities. Therefore, even if the "but for" requirement was satisfied, there is no basis for the court to reimburse fees incurred because of this minor, alleged duplication.

### (6) *Evidence of Knowing Conduct.*

The Petition for Rehearing asserts that "the Division ... [found] *knowledgeable* conduct on Mr. Nofziger's part." This statement is erroneous. In support of its analysis that Nofziger could be *reindicted* for "knowingly" committing the crime, the Division only found that evidence existed in the record sufficient to support a *"factual basis for reindictment"* that Nofziger acted "knowingly." This statement in the opinion was made in response to Nofziger's contention that there was no evidence he acted "knowingly" and therefore "the indictment should never have been brought." 925 F.2d at 435–36. However, evidence

that Nofziger did act "knowingly" was included in a proffer of proof during the trial made at the bench in response to the court's request. Its purpose was to present evidence "in direct contradiction" to the defense contention that Nofziger had been given "legal advice" that "it was appropriate for him to make ... [the White House] contacts" for which he was indicted, Tr. 3554–55.

THE COURT: Make a proffer....

MR. GARLAND: I am sorry for having to approach, your Honor, but this has to do with the decency of the language that was used. *Mr. Nofziger was advised by this law firm that he should not go to the White House.* He responded FU, and you know what FU stands for, *these are my friends and I am going to go back to them if I want to.* That is part of—

THE COURT: Nofziger said that?

MR. GARLAND: Nofziger said this. That is the kind of testimony we are going to have to get into. In addition, this law firm provided them with a memorandum that said there was an one-year bond [sic] to going back to the White House on a particular matter. This law firm told them he should go back to them each time before he makes contacts and he didn't....

Tr. 3555–56.

Also, very importantly, at the bench conference Nofziger's trial counsel did not deny that Nofziger made the above quoted statement. He only denied that it was made when one particular Nofziger lawyer was present:

MR. [NOFZIGER'S COUNSEL]: This alleged remark wasn't made to Mr. Anderson [Nofziger's lawyer], he was not present, your Honor.

Tr. 3570–71.

## Conclusion

Upon all the files and records in this case, for reasons stated above and in the court's original opinion, the petition for rehearing and reconsideration is denied.

*Order accordingly.*