**In re Franklyn C. NOFZIGER,
Mark A. Bragg.**

**Div. No. 87–1.**

United States Court of Appeals,
District of Columbia Circuit.

(Division for the Purpose of
Appointing Independent Counsels Ethics
in Government Act of 1978, as Amended)

July 14, 1992.

Richard Ben–Veniste and Peter D. Isakoff, Washington, D.C., for petitioner, were on the Application for Attorneys' Fees and supporting documents.

Stuart M. Gerson, Asst. Atty. Gen., Patricia M. Bryan, Deputy Asst. Atty. Gen.,

---

William Kanter and Thomas M. Bondy, Attys., Dept. of Justice, Washington, D.C., filed Comments on the Application for Attorneys' Fees.

Richard Ben–Veniste and Peter D. Isakoff, Washington, D.C., for petitioner, were on the Reply to the Dept. of Justice Comments.

Before: MacKINNON, Presiding, BUTZNER and PELL, Senior Circuit Judges.

PER CURIAM.

Following the issuance of the Court's opinion in this case counsel for Bragg notified the Court that they had not been served with the comments of the Department of Justice. Investigation disclosed that the Clerk had served such comments on Nofziger's counsel but not on counsel for Bragg. Thereupon the Special Division *sua sponte* offered Bragg an opportunity to respond to the Department of Justice Comments if he so desired. Upon his affirmative response we recalled the mandate and Bragg has replied. We now consider Bragg's response to the Department of Justice Comments with reference to our entire opinion and conclude that Petitioner still has not shown that his application for fees complies with the "but for" requirement of the Ethics in Government Act of 1978, as amended (the "Act"), 28 U.S.C. § 591–99.

### I. "Aggravated Circumstances"

Bragg summarizes his contentions as follows:

In sum, there is no justification for concluding (1) that the Department of Justice would have prosecuted Mr. Bragg as an aider and abettor to a § 207 violation in other than "aggravated" circumstances, or (2) that it would have found that such "aggravated" circumstances existed with respect to Mr. Bragg, or (3) that it actually concurred in the decision to prosecute, much less with full knowledge of the facts.

Petitioner's Reply at 8.

■ Petitioner thus persists in maintaining that 5 C.F.R. § 737.1(c)(6) (1987) [1] promulgated by the Office of Government Ethics (OGE) constitutes a prosecution policy of the Department of Justice and that its "aggravated circumstances" reference is an element of any offense in violation of 18 U.S.C. § 207(c). However, Petitioner provides no new support for this contention. As we held in our original *Bragg* opinion, the regulation "does not constitute a prosecution policy of the Department of Justice." *In re Nofziger, Bragg,* 956 F.2d 287, 292 (D.C.Cir.1992).

■ The comments of the Department of Justice likewise find "no merit [in] Bragg's apparent premise that the Department of Justice has a prosecution policy [that requires] a finding of aggravated circumstances." Dept. of Justice Comments at 9. The concurrence of the Attorney General in the OGE Regulation was nothing more than a recognition of the fact that the regulation "was intended to point out to violators that those cases that exceeded the civil jurisdiction of the Office of Government Ethics and constituted alleged crimes would be subject to prosecution by the Department of Justice." 956 F.2d at 292. That the regulation provides, "[the] Department of Justice *may* initiate criminal enforcement in cases involving aggravated circumstances," 5 C.F.R. § 737.1(c)(6) (1987),[2] does not limit the prosecutorial discretion of the Justice Department in any way, nor does it operate to constitute aggravated circumstances as an element of the offense.

### II. Bragg and "Aggravated Circumstances"

Petitioner asserts that because Bragg's conduct allegedly did not constitute an "ag-

---

1. The Regulation provides:

    Departments and agencies have primary responsibility for the administrative enforcement of the post-employment restrictions found in the Ethics in Government Act, *i.e.,* 18 U.S.C. § 207. The Department of Justice may initiate criminal enforcement in cases [under 18 U.S.C. § 207] involving *aggravated circumstances.*

    C.F.R. § 737.1(c)(6) (emphasis added).

2. *See supra* n. 1.

gravated circumstance" that he would not have been prosecuted "but for" the Act. He argues: "Whatever factors led this Court to characterize Nofziger's conduct as 'brash,' the court did not include Bragg in that reference." Petitioner's Reply at 3 n. 1 (citation omitted). This contention illuminates the fallacies of Petitioner's argument.

As addressed above, he argues first that the regulation limits the prosecutorial authority of the independent counsel to cases involving "aggravated circumstances." Bragg then *assumes* that such policy would apply to him. But, even if the above regulation were a policy of the Department of Justice, which it is not, it would only apply to Nofziger, not Bragg, as Nofziger was the only individual charged with violating § 207. To further belabor a point we made in the original opinion, Bragg was only charged with a violation under 18 U.S.C. § 2, not under § 207. This Court in *In re Nofziger* found Nofziger's conduct to satisfy the factual requirements for reindictment under § 207, to be "knowing" and "brash" and the facts to support Bragg's indictment as an aider and abettor of Nofziger's violation *even* if the OGE Regulation were to be applied under 28 U.S.C. § 594(f) as a prosecution policy of the Department of Justice and an element of the offense. Nofziger was prohibited by statute for one year after leaving the White House from communicating with that office. Yet within two months and 17 days he precipitously began communicating with the White House with respect to military contracts against the advice of counsel which he strongly rejected with obscene language. *In re Nofziger*, 925 F.2d 428,

448, *reh'ng denied,* 938 F.2d 1397, 1404–05 (D.C.Cir.1991).

The contention that a finding of aggravated circumstances constitutes a requirement for prosecution is a pure figment of the erroneous construction of the OGE Regulation and the Act, is completely speculative, rests on mere conjecture and is without any support in the record, the regulations or the statute.

## III. Concurrence of the Department of Justice

■ Petitioner further argues that there is no evidence the Department of Justice was aware of the specific facts supporting Bragg's indictment or that the Department specifically concurred in the indictment of Bragg as an aider and abettor.[3] However, it did request the appointment of Independent Counsel to investigate and prosecute the alleged violation of § 207. It also advised and assisted in drafting the indictment of Bragg and Nofziger and in their subsequent briefs to this court the Department of Justice comes as close as possible to indicating its concurrence in the prosecution of Nofziger and Bragg.[4] There is absolutely no showing that the assistance of the Department of Justice was not given with adequate knowledge of the facts. The provisions of the indictment, including the aiding and abetting charge which was drafted and presently concurred in by the Department of Justice, argue to the contrary.

Moreover, there is no requirement that the Department of Justice specifically concur in the Independent Counsel's indictment of Bragg. The Court merely cited the approval by "[s]enior career prosecu-

---

**3.** [T]he conduct that was alleged in the count of the indictment under which Bragg was charged was serious, not trivial, and Bragg's connection to it was substantial, not attenuated. One cannot reasonably infer, based on the nature of the conduct at issue, that, although the Department of Justice would have pursued the charges against Nofziger absent the Ethics in Government Act, the Department would not have pursued the charges against Bragg.
Dept. of Justice Comments at 11–12.

**4.** The Department of Justice, long *after the trial,* presently points to admissions by Bragg in his

Petition that fully support charging Bragg as an aider and abettor:

Moreover, it is undisputed that Bragg was very much involved in the events surrounding Nofziger's writing the letter to Jenkins. Indeed, *according to Bragg's own fee application,* Bragg participated in the decision to send a letter to Jenkins, and also in the process of crafting the contents of the letter, among other things. *See* Fee Application at 6–10.
Dept. of Justice Comments, Aug. 21, 1991 at 11 (emphasis added).

tors" in the Department of Justice as *further* evidence that the indictment conformed to the policies of the Justice Department. 956 F.2d at 293.

### Conclusion

Petitioner's Reply to the Department of Justice Comments merely repeats his previous arguments. His contention that Independent Counsel failed to follow Department of Justice policies and that therefore his fees would not have been incurred "but for" the Act is speculative and conjectural and finds no support in the record. The record shows that Independent Counsel followed the prosecutorial policies of the Department. We thus conclude as we did previously, for all the reasons set forth above and in *In re Nofziger, supra,* and *In re Nofziger, Bragg, supra,* that,

> Bragg's application makes no showing that distinguishes his attorney's fees from those incurred in a *regular* grand jury investigation. Thus, Bragg's claim for reimbursement must fail as his fees were not incurred in an investigation involving a different standard of criminal law than is regularly applied to private citizens.

956 F.2d at 294. The Petition is denied.[5]

*Judgment accordingly.*

---

**5.** The letter to Jenkins clearly indicates an intent to influence Jenkins further with respect to the project:

> Your assistance in securing an appropriate letter of intent in a timely manner will be greatly appreciated.

Letter to Jim Jenkins from Nofziger & Bragg Communications, signed by "Lyn Nofziger." Bragg conferred with Jenkins concerning the need for the letter, advised Nofziger and Den-linger of the need for the letter and as to the form that the letter should take, directed Denlinger to obtain Nofziger's signature thereto and to mail it. Tr. 2202–04. That Jenkins may have suggested a letter be sent to the Army with a copy to him is beside the point. The fact is that the letter was signed by Nofziger and was addressed to Jenkins at "The White House" with a copy to the Army. Tr. 2498–99.