**ROPER HOSPITAL, INC., Plaintiff,**

v.

**UNITED STATES of America and Joseph Freeman, Jr., Defendants.**

**Civ. A. No. 2:94–617–22.**

United States District Court,
D. South Carolina,
Charleston Division.

Nov. 17, 1994.

**364**

John Kevin Crout, Charleston, SC, for plaintiff.

John H. Douglas, Asst. U.S. Atty., Charleston, SC, for the U.S.

Joseph Freeman, Jr., pro se.

## ORDER

CURRIE, District Judge.

This action, brought by a hospital that rendered medical services to Defendant Joseph Freeman, Jr., seeks to recover those costs against the United States of America (hereinafter "the Government"), by and through the Office of Personnel Management (hereinafter "OPM"), and Mr. Freeman. The Complaint asserts causes of action against the Government for denial of administrative remedy, breach of contract, and negligence under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.* Jurisdiction is based on 28 U.S.C. § 1346(b). The matter is before the court on the Government's Motion to Dismiss and on Plaintiff's Motion for Summary Judgment or, in the Alternative, for Sanctions.

The parties extensively briefed the present issues. The court heard oral argument twice on the Government's Motion to Dismiss. At the first argument on June 24, 1994, counsel for Plaintiff and the Government appeared, as well as Mr. Freeman, pro se. At the conclusion of that hearing, the court gave the parties leave to file additional memoranda on issues related to the claim under the Federal Tort Claims Act. The court also advised the parties at that hearing that the Government's Motion to Dismiss would be treated as a Motion for Summary Judgment because of the inclusion of several materials outside the pleadings. Plaintiff and the Government submitted additional memoranda, which they argued before the court on October 21, 1994. The court also heard argument on Plaintiff's Motion for Summary Judgment at the October hearing.[1] The court has thus fully reviewed and considered the parties' arguments and the applicable law. For the reasons given below, the court grants the Government's Motion to Dismiss, which is converted to a Motion for Summary Judgment, and grants Plaintiff's Motion for Summary Judgment.

## I. FACTS

The following facts are based on the complete record before the court, including the pleadings, discovery materials, briefs and attachments to the briefs. All inferences are drawn in favor of the non-moving party.

Mr. Freeman, formerly a nonpay on-call status federal employee of the Charleston Naval Shipyard, was terminated from his employment at the Shipyard, effective January 26, 1991. He received a SF 2810–Notice of Change in Health Benefits Enrollment, dated February 13, 1991, from his employing office informing him that his medical insurance enrollment in the Mail Handlers Benefit Plan was also terminated January 26, 1991.

---

1. Mr. Freeman, pro se, did not appear at the October 21, 1994, hearing. Although notice of the hearing was sent on October 14, 1991, via certified mail to his home address, he had not signed for and received the certified mail package by the hearing date. He did, however, appear at the Clerk's Office in Charleston the following Monday, October 24, 1994, and was informed that the hearing had taken place on October 21, 1994. He was also informed that he needed to file any response to Plaintiff's Motion for Summary Judgment no later than October 28, 1994. On October 27, 1994, Mr. Freeman signed for and accepted the certified mail notice of the October 21, 1994, hearing. However, he did not file any written response by the first October 28, 1994 deadline.

The Clerk's Office, at the court's direction, subsequently contacted Mr. Freeman by telephone on November 8, 1994, and advised him that any response he wished the court to consider must be filed no later than 5 p.m. on November 9, 1994. He subsequently filed a letter dated November 9, 1994, which the court has now considered. Accordingly, the court concludes the matters discussed below are ripe for determination.

Freeman received a temporary thirty-one day extension of medical insurance coverage, pursuant to 5 C.F.R. § 890.401, which expired on February 26, 1991.[2] The following day Freeman was admitted to Plaintiff Roper Hospital, Inc. (hereinafter "the Hospital"), where he incurred total expenses of $24,951.40. At the time of Freeman's admission, the Hospital sought to confirm coverage with Mail Handlers Benefit Plan. An employee of Mail Handlers told Plaintiff that Mr. Freeman had insurance. The reason that Mail Handlers was unaware of Mr. Freeman's benefits termination effective February 27, 1991, is that OPM did not give Mail Handlers notification of Freeman's termination until March 8, 1991. Ultimately, therefore, Mail Handlers refused to provide coverage, claiming that the thirty-one day temporary coverage had lapsed prior to Mr. Freeman's hospital admission.

Subsequent to Mail Handler's denial of coverage, the Hospital, acting pursuant to Mr. Freeman's assignment to it of all his rights and benefits under the policy, sought to avail itself of OPM's claims review procedure. By letter of August 12, 1993, counsel for the Hospital wrote a letter to OPM addressed to "Insurance Review Division, Retirement and Insurance Group, Post Office Box 436, Washington, DC 20044," in which counsel requested administrative review of the denial. Exh. J, Plaintiff's Memo in Opposition to Def's Motion to Dismiss. The letter also set out counsel's belief that OPM had been negligent in failing to give timely notice of termination of Freeman's Mail Handlers' benefits, and enclosed a Standard Form 95, the type prescribed for making administrative claims under the Federal Tort Claims Act, and addendum with the letter. Because the correct address for making a Federal Tort Claims Act administrative claim would have been, "Office of General Counsel, OPM, 1900 E. Street, NW, Washington, DC 20415," the Hospital's Form 95 was incorrectly addressed. When it was received by the Retirement and Insurance Group at OPM, it was treated simply as a request for review of insurance coverage and not as any type of administrative claim under the Federal Tort Claims Act. The Retirement and Insurance Group returned Plaintiff's submission on August 19, 1993, on the grounds that administrative review was granted only to enrollees, and it did not consider Plaintiff an enrollee (Exh. K, Plaintiff's Memo in Opposition to Def's Motion to Dismiss).

Plaintiff's Complaint, filed February 25, 1994, against the United States and Mr. Freeman, seeks judgment in the amount of $24,951.40 for the medical expenses, as well as attorneys fees and costs. The first cause of action, against the Government and styled "Denial of Administrative Remedy and Denial of Due Process," alleges that OPM denied administrative review to Plaintiff by denying Plaintiff the right to appear before OPM and pursue the claim. Damages are sought in the amount of the medical expenses. The second cause of action, which is against the Government and is based on Plaintiff's asserted third party beneficiary status, is for breach of contract and seeks monetary damages in the preceding amount. Plaintiff's third cause of action based on negligence of the Government alleges OPM was negligent in failing to give timely notice of the termination of plan coverage to Mail Handlers. Plaintiff asserts that the plan administrator, OPM, undertook the duty to verify coverage in a reasonable and prudent manner, and that this duty was breached by OPM's failure to give timely notice of the termination. Plaintiff seeks monetary damages for the breach. The last cause of action for breach of contract against Mr. Freeman alleges that he guaranteed payment of all his medical bills and that Plaintiff has not been paid even after making due demand. Monetary damages in the amount of $24,951.40 are sought.

Defendant Freeman answered on March 25, 1994. His answer asserts that it was never his intent to defraud Plaintiff, or obtain services knowing he had no coverage. He contends that he was mistaken concerning the calculation of the thirty-one day ex-

---

2. Freeman had an opportunity to convert the policy so that he could continue coverage. Although he mailed a letter to Mail Handlers dated February 25, 1991, requesting further informa- tion on conversion, he never responded to Mail Handlers' March 25, 1991, correspondence containing a conversion application. Accordingly, he failed to request conversion.

tension of coverage, and further asserts he would have gone to the Veteran's Administration Hospital, where he has coverage, if he had not relied on Mail Handlers' erroneous verification of coverage. His answer concludes by asserting, "[t]his entire matter has been an awful mistake, and I hope this Court will not hold me accountable." (Freeman Answer, Para. 12).

The Government did not answer the Complaint, but elected to file a Motion to Dismiss pursuant to Rules 12(b)(1) and (6), Fed. R.Civ.P. As noted above, because of the parties' attachment of various matters beyond the pleadings, that motion will be treated as a Motion for Summary Judgment. Subsequent to the first oral argument, the Hospital moved for summary judgment against Mr. Freeman based on his failure to respond to certain Requests for Admission.

## II. SUMMARY JUDGMENT STANDARD

▆ The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). When the defendant is the moving party and the plaintiff has the ultimate burden of proof on an issue, the defendant must identify the parts of the record that demonstrate the plaintiff lacks sufficient evidence. The nonmoving party, here Plaintiff, and Mr. Freeman, must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). *See Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## III. GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT

As to the three causes of action asserted against it, the Government contends this court lacks subject matter jurisdiction over the claims, pursuant to Rule 12(b)(1), Fed. R.Civ.P.

▆ The United States is immune from suit except insofar as it consents to suit by act of Congress. *Broughton Lumber Co. v. Yeutter,* 939 F.2d 1547 (Fed.Cir.1991). Any limitations Congress places on a waiver of sovereign immunity, such as the court in which a litigant may proceed, are binding and preclude a litigant from proceeding in any other manner. *In re Nofziger,* 938 F.2d 1397 (D.C.Cir.1991). For cases seeking money damages against the United States based upon a statute or the Constitution, Congress has waived immunity in the district courts only for claims below ten thousand dollars. 28 U.S.C. § 1346(a)(2). Claims above ten thousand dollars must be pursued in the United States Court of Federal Claims. 28 U.S.C. § 1491.

▆ The Government argues the court must dismiss the first two causes of action because they seek monetary damages in excess of ten thousand dollars. Plaintiff contends that the first two causes of action are really claims under the Federal Employees Health Benefits Act, 5 U.S.C. §§ 8901 *et seq.,* and that concurrent jurisdiction exists in district court to hear such claims, 5 U.S.C. § 8912. Plaintiff's argument ignores the undisputed fact that Mr. Freeman's coverage had lapsed at the time of his hospitalization and that, therefore, the claim is not one within the parameters of the Act. *See* 5 C.F.R. § 890.401(c)(5) (individual who fails to request conversion to an individual policy within 31 days after receiving notice of the right to convert is deemed to have declined the right to convert).

The first and second causes of action seek monetary damages in excess of ten thousand dollars based on OPM's alleged wrongful denial of administrative review and breach of contract. The court finds those claims subject to the requirement of 28 U.S.C. § 1491 that they be brought in the Court of Federal Claims. Accordingly, this court may not entertain such claims, and must order their dismissal. *Universal Mortgage Corp. v. Derwinski,* 937 F.2d 1276 (7th Cir.1991).

As to the third cause of action based on the Federal Tort Claims Act (hereinafter "FTCA"), the Government contends this court lacks subject matter jurisdiction be-

cause: (1) Plaintiff failed to file a timely or appropriate administrative claim as required by the FTCA; and (2) the type of claim asserted by Plaintiff is within an enumerated exception to the FTCA known as the "misrepresentation exception," and that therefore the claim is outside the scope of the FTCA's limited waiver of sovereign immunity.

■ "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues ..." 28 U.S.C. § 2401(b). A tort claim accrues at the time of injury or as soon as the claimant is in possession of sufficient facts that a prudent person would make inquiry into the responsibility therefor. *United States v. Kubrick*, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979). In the present case, the Hospital was on notice that coverage had been denied in March 1991. Accordingly, the Form 95 and accompanying letter dated August 12, 1993, *even if considered an effective administrative claim*, were not filed timely and, therefore, Plaintiff's FTCA claim is barred by the two-year statute of limitations.

■ In addition, any administrative claim in excess of $1,000 must be filed with OPM's Office of General Counsel. 5 C.F.R. § 177.102(b). General Counsel's authority to adjudicate and settle claims is stated in 5 C.F.R. § 177.106(a). The Declaration of Gloria Clark, paralegal specialist in the Ethics, FOIA and Torts Division of the Office of General Counsel of OPM, states that after a thorough search she found no evidence of such claim being filed. (Attachment, Govt's Motion for Summary Judgment). The reason, of course, that Ms. Clark found no evidence of such claim is because the claim was not submitted to the correct authority as specified in the C.F.R. The claim was misdirected to an inappropriate division of OPM at another address and was further couched in terms of a review of denial of insurance coverage, rather than an administrative claim under the FTCA.

Failure to file an appropriate administrative claim deprives this court of jurisdiction. *GAF Corp. v. United States*, 818 F.2d 901, 904 (D.C.Cir.1987); *see also* 28 U.S.C.

§ 2675(a) (no FTCA claim can be brought unless claimant shall have first presented the claim "to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing ..."). The court concludes the Hospital's mailing did not satisfy the statutory requirements.

■ Moreover, the court concludes that even if the August 12, 1993, letter and Form 95 were considered an effective and timely filed claim, the misrepresentation exception to the FTCA would bar this claim. An exception to the FTCA provides that, "the provisions of this chapter and section 1346(b) of this title shall not apply to—(h) Any claim arising out of ... misrepresentation ..." 28 U.S.C. § 2680. The misrepresentation exception deprives courts of jurisdiction over tort claims based on a plaintiff's reliance on governmental misinformation or failure to communicate correct information. *Block v. Neal*, 460 U.S. 289, 297, 103 S.Ct. 1089, 1093, 75 L.Ed.2d 67 (1983); *United States v. Neustadt*, 366 U.S. 696, 705–06, 81 S.Ct. 1294, 1299–300, 6 L.Ed.2d 614 (1961). The misrepresentation exception bars those claims in which the plaintiff has alleged no injury separate or independent of its reliance on an erroneous governmental representation.

In *Bon Secours St. Francis Xavier Hospital v. United States*, C.A. No. 2:93–808–18, order filed Nov. 1, 1993, OPM was alleged to have failed to timely notify the insurance carrier that the patient had changed to a different carrier. The first carrier, like Mail Handlers in the instant case, erroneously verified coverage with the hospital, but later refused to pay the charges based on lack of insurance coverage. Judge Norton, reviewing the hospital's Complaint and concluding that the gravamen of it was the alleged injury resulting from the governmental misrepresentation, held that the misrepresentation exception in 28 U.S.C. § 2680(h) mandated dismissal of the FTCA claim.

Similarly, in the present case, the wrong of which Plaintiff complains stems solely from the alleged governmental misrepresentation. Plaintiff's Complaint asserts:

That the plan administrator breached its duty to the Plaintiff, Roper Hospital, by representing that the participant was eligible for benefits and that benefits were available, when, in fact, this representation was false.

Complaint, Para. 41. Because the sole injury suffered by the Hospital arose from its reliance on advice provided by a federal employee, Plaintiff's claim is governed by the misrepresentation exception and must be dismissed. *Office of Personnel Management v. Richmond*, 496 U.S. 414, 110 S.Ct. 2465, 110 L.Ed.2d 387 (1990).

The court is not persuaded by Plaintiff's argument that the gravamen of the Complaint is negligence by OPM in failing to notify Mail Handlers promptly of Freeman's lapse of coverage, and not a misrepresentation on their part. Plaintiff points out that it was the carrier, not the government, that misrepresented that coverage was in place. Plaintiff cites a provision of the Federal Personnel Manual Supplement 890–1, March 10, 1989, Subchapter S19–2, which provides that OPM should direct notices of health benefits changes "on a daily or weekly basis."

Plaintiff's efforts to couch the Complaint in terms of an omission to act by OPM, rather than a governmental misrepresentation, are insufficient to overcome the broad prohibition against claims "arising out of … misrepresentation." OPM's asserted negligent failure to notify Mail Handlers promptly would have produced no injury and not been the subject of a claim were it not for the fact of the alleged misrepresentation that culminated in approving Mr. Freeman's hospital admission. In essence, the Hospital's theory of recovery is that OPM's failure to speak when it had a duty to do so led to the Mail Handlers' misrepresentation. Such a claim "arises out of" a misrepresentation because that is the critical focus or wrong about which Plaintiff complains. The court thus concludes that the FTCA claim may not be pursued.

## IV. HOSPITAL'S MOTION FOR SUMMARY JUDGMENT

█ On April 7, 1994, Plaintiff served Mr. Freeman with Interrogatories, Request for Production, and Request for Admissions.

Mr. Freeman failed to respond to such discovery, and the court, on May 31, 1994, granted the Hospital's Motion to Compel Discovery and ordered Mr. Freeman to respond within ten days of the date of the order. On June 23, 1994, the Hospital served a copy of the order upon Mr. Freeman via certified mail. To date, Mr. Freeman has not responded to the court's order or discovery requests. The Requests for Admission asked Mr. Freeman:

1. Do you admit that Joseph Freeman, Jr. was admitted to Roper Hospital on or about February 27, 1991, and received treatment?

2. Do you admit that Joseph Freeman, Jr. incurred medical expenses at the Plaintiff's facility in the amount of $24,951.40 for treatment rendered?

3. Do you admit that Joseph Freeman, Jr. received a bill from Roper Hospital in the amount of $24,951.40 and that Defendant Joseph Freeman, Jr. has not made payment to Roper Hospital on this account?

As noted above, the court went to some length to accommodate Mr. Freeman in filing an opposition to the Hospital's Motion for Summary Judgment. Mr. Freeman's sworn letter, filed November 9, 1994, asserts that he feels it is unfair to hold him responsible for the hospital bill as he had full coverage at the Veteran's Administration and he would not have stayed at Roper had he not been misinformed of coverage.

The court is sympathetic to Mr. Freeman's current position, which results from a series of mistakes by the Government, the Mail Handlers, and the Hospital. However, as a matter of law, these matters do not abrogate his underlying obligation to the Hospital for medical expenses. Mr. Freeman executed the "Conditions of Treatment and/or Services" document on February 27, 1991, at the time of his hospital admission. (Exh. F, Plaintiff's Memo in Opposition to Govt's Motion for Summary Judgment). By signing the agreement, Mr. Freeman agreed to remain ultimately responsible for payment of the claim. If Mr. Freeman believed that his medical bill should have been covered by a

plan participating in the Federal Employees Health Benefit Plan, it was incumbent on him to seek OPM review. The record discloses that he never attempted such review.

Pursuant to Rule 36, Fed.R.Civ.P., the Requests for Admission are deemed admitted if not admitted or denied in writing within thirty days. The above record demonstrates that no material issue of fact exists as to Mr. Freeman's obligation on the hospital bill. Accordingly, the Hospital's Motion for Summary Judgment is granted, in the amount of $24,951.40; against Mr. Freeman.

CONCLUSION

IT IS THEREFORE ORDERED that the Government's Motion to Dismiss, treated as a Motion for Summary Judgment, is granted;

IT IS FURTHER ORDERED that the Hospital's Motion for Summary Judgment is granted.

IT IS SO ORDERED.