# United States Court of Appeals

## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Filed March 17, 2006

Division No. 94-1

IN RE: MADISON GUARANTY SAVINGS & LOAN
(BEARD FEE APPLICATION)

———

Division for the Purpose of
Appointing Independent Counsels
Ethics in Government Act of 1978, As Amended

———

Before: SENTELLE, *Presiding*, FAY and REAVLEY, *Senior Circuit Judges*.

## **O R D E R**

This matter coming to be heard and being heard before the Special Division of the Court upon the petition of Bennie C. Beard for reimbursement of attorneys' fees and costs pursuant to section 593(f) of the Ethics in Government Act of 1978, as amended, 28 U.S.C. § 591 *et seq.* (2000), and it appearing to the court for the reasons set forth more fully in the opinion filed contemporaneously herewith, that the petition is not well taken, it is hereby

**ORDERED, ADJUDGED,** and **DECREED** that the petition of Bennie C. Beard for attorneys' fees that he incurred during the Independent Counsel's investigation be denied.

*PER CURIAM*
For the Court:
Mark J. Langer, Clerk
By:
Marilyn R. Sargent
Chief Deputy Clerk

# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Filed March 17, 2006

Division No. 94-1

IN RE: MADISON GUARANTY SAVINGS & LOAN
(BEARD FEE APPLICATION)

———

Division for the Purpose of
Appointing Independent Counsels
Ethics in Government Act of 1978, As Amended

———

Before: SENTELLE, *Presiding*, FAY and REAVLEY, *Senior Circuit Judges*.

**ON APPLICATION FOR ATTORNEYS' FEES**

Opinion for the Special Court filed *PER CURIAM*.

*PER CURIAM*: Bennie C. Beard petitions this Court under the Ethics in Government Act of 1978, as amended, 28 U.S.C. §§ 591-599 (2000) ("the Act"), for reimbursement of attorneys' fees in the amount of $7500 that he claims were incurred during and as a result of the investigation conducted by the Independent Counsel. Because we conclude that Beard has not carried his burden of showing that his fees were incurred during the Independent Counsel's investigation or that the fees would not have been incurred but for the requirements of the Act, we deny the petition in its entirety.

4

## Background

In 1993, during the initial phase of what was to become known as the "Whitewater" investigation,[1] the Department of Justice was investigating numerous questionable financial transactions involving Jim McDougal and his bank, Madison Guaranty Savings & Loan Association, in Little Rock, Arkansas. One of the Madison Guaranty transactions being investigated pertained to McDougal's investment in a residential construction project called Castle Grande. Bennie C. Beard, the fee petitioner here, drew prosecutors' attention as an appraiser for Madison Guaranty on the Castle Grande project.

The investigation of the financial transactions was subsequently taken over first by regulatory special counsel Robert Fiske in early 1994, and then later that year by independent counsel Kenneth W. Starr (hereinafter "IC" or "OIC"). Although a fellow appraiser at Madison Guaranty was indicted and pled guilty to making false statements in a savings and loan document, Beard himself was not indicted. Pursuant to § 593(f)(1) of the Act, Beard now petitions the court for reimbursement of attorneys' fees in the amount of $7500 that he claims were incurred in defense of the IC's investigation. As directed by section 593(f)(2) of the Act, we forwarded copies of Beard's fee petition to the OIC and the United States Attorney General (hereinafter "AG") and requested written evaluations of the petition. The court expresses its appreciation to the OIC and the AG for submitting these evaluations, which we have given due consideration in arriving at the decision announced herein.

---

[1] For further background on the Whitewater matter, *see In re Madison Guar. Sav. & Loan (Clinton Fee Application)*, 334 F.3d 1119 (D.C. Cir., Spec. Div., 2003) (per curiam).

**Arguments**

The Independent Counsel statute provides:

> Upon the request of an individual who is the subject of an investigation conducted by an independent counsel pursuant to this chapter, the division of the court may, if no indictment is brought against such individual pursuant to that investigation, award reimbursement for those reasonable attorneys' fees incurred by that individual during that investigation which would not have been incurred but for the requirements of this chapter.

28 U.S.C. § 593(f)(1). Accordingly, in order to obtain an attorneys' fees award under the statute, a petitioner must show that all of the following requirements are met: 1) the petitioner is a "subject" of the investigation; 2) the fees were incurred "during" the investigation; 3) the fees would not have been incurred "but for" the requirements of the Act; and, 4) the fees are "reasonable." *Id.*; *see In re North (Dutton Fee Application)*, 11 F.3d 1075, 1077-82 (D.C. Cir., Spec. Div., 1993) (per curiam). The "petitioner bears the burden of establishing all elements of his entitlement." *In re North (Reagan Fee Application)*, 94 F.3d 685, 690 (D.C. Cir., Spec. Div., 1996) (per curiam). There appears to be little doubt that Beard was a "subject" of the investigation, and arguably his fees were "reasonable." There is dispute, however, as to whether his fees were incurred "during" the investigation and whether they would have been incurred "but for" the requirements of the Act.

Although Beard does not specifically address the "during" issue, according to his fee petition "[s]ometime in late 1993, the Independent Counsel, initiated an investigation into [him],"

which was not concluded until the summer of 1995. During this time period, in June of 1994, he paid a flat fee to his attorney in the amount of $7500. Beard notes, however, that because representation was provided to him on this flat fee basis, no standard billing records were prepared and therefore none could be provided with his fee petition. He has, instead, submitted "draw sheets" which he asserts reflect that the fee was in fact paid.

The OIC in its evaluation notes that under the Act reimbursement can only be granted for those fees incurred during an independent counsel investigation, that here the IC was not appointed until August 5, 1994, and thus Beard "has not shown which of the fees, if any, were 'incurred' after August 5, 1994, and has therefore provided no basis upon which this Court could determine for which fees, if any, it had jurisdiction to reimburse Beard."

Likewise, the DOJ's evaluation of Beard's fee application argues that he has not fulfilled the "during" requirement. Noting that the flat fee was paid in June of 1994, the DOJ asserts that this in fact was the time when the fees were "incurred," and they are therefore not reimbursable as the IC was not appointed until that August.

Concerning the "but for" requirement, Beard argues that his petition satisfies this requirement because he would not have been investigated but for the "inquiry into the financial dealings of the President of the United States and First Lady." This is so, he explains, because "the appointment of the Independent Counsel resulted in this a-typical criminal investigation which, 'but for' such investigation, [he] would not have incurred legal fees for which he now seeks reimbursement."

In addressing Beard's "but for" argument, the OIC again notes that in 1993, when Beard claims the IC began its inquiry of him, the investigation surrounding Madison Guaranty was in fact being conducted by the Department of Justice. As such, states the OIC, "Beard cannot demonstrate that the requirements of the Act caused him to incur attorneys' fees that he otherwise would not have incurred, because he incurred those legal fees during an investigation that began when there was no independent counsel law."

**Analysis**

As discussed below, we find that Beard's fee application fails to show that he has satisfied the "during" and "but for" requirements of the Act. He is therefore not eligible for reimbursement as failure to satisfy either of these requirements constitutes grounds for denial.

First, Beard has not satisfactorily shown that all of his fees were incurred during the IC's investigation. He states that in June 1994 he paid a flat fee to his attorney for representation concerning the IC's investigation of him. The IC was not appointed until that August, however, and presumably Beard's attorney spent time on his defense in the period between payment of the fee and appointment of the IC. But because "Congress did not provide in section 593(f) for the payment of fees incurred prior to the appointment of independent counsel," *In re Nofziger*, 938 F.2d 1397, 1403 (D.C. Cir., Spec. Div., 1991) (per curiam), and because the lack of billing records makes unknown what, if any, work was performed by the attorney after the IC's appointment, it is impossible to determine what portion of the flat fee is eligible for reimbursement.

Second, in arguing that he has passed the "but for" test, Beard is apparently asserting that the investigation of him

resulted solely from the appointment of an independent counsel to investigate the Clintons. In other words, if no independent counsel had been appointed, then he would not have been investigated. We have asserted previously, however, that the IC's investigation of the Whitewater matter would have been undertaken even in the absence of the independent counsel statute. *Clinton Fee Application*, 334 F.3d at 1127. In making this conclusion, we noted that the Whitewater allegations looked into by IC Starr were, prior to his appointment, investigated by various prosecutors, including regulatory independent counsel Fiske. In this light, we stated that "we harbor no doubt that in the absence of the independent counsel statute the allegations surrounding the Clintons, Madison Guaranty, and Whitewater would have been similarly investigated and prosecuted by the Department of Justice." *Id.* Consequently, Beard's claim that he would not have been investigated but for the appointment of an independent counsel is wholly without merit.

### Conclusion

The petition of Bennie C. Beard for reimbursement of attorneys' fees is denied for failure to satisfy the "during" and "but for" requirements of the Act.