**Linda Charlene JACKSON, Representative, Estate of George Jackson, Jr., Appellant,**

v.

**UNITED STATES of America.**

No. 83–1308.

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 24, 1984.

Decided March 23, 1984.

David J. Perrone, Olney, Md. with whom Thomas Fortune Fay, Olney, Md., was on the brief, for appellant.

Wayne P. Williams, Asst. U.S. Atty., Washington, D.C., with whom Stanley S. Harris, U.S. Atty., Washington, D.C. (at the time the brief was filed), Royce C. Lamberth, R. Craig Lawrence, and Michael J. Ryan, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellees.

Before EDWARDS and SCALIA, Circuit Judges, and GESELL,* United States District Judge for the District of Columbia.

Opinion PER CURIAM.

PER CURIAM:

This is an appeal from an Order of the United States District Court dismissing a complaint brought under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671 *et seq.*, for failure to exhaust administrative remedies prior to bringing suit.[1] For the reasons given below, we affirm in part and remand for further consideration.

George Jackson, Jr. (Jackson) was killed in March, 1979, while an inmate at the Lewisburg, Pennsylvania, federal penitentiary. He died intestate. On October 6, 1980, Jackson's mother and father filed an administrative claim against the United States alleging wrongful death and seeking damages of $100,000. This claim was denied by the government in December of 1981. On March 23, 1983, suit was filed in United States District Court by Linda Jackson, widow of the decedent, "individually and as personal representative of Estate of George L. Jackson, Jr.," asking for ten million dollars in damages under Pennsylvania's wrongful death and survival action statutes, 42 Pa.C.S.A. §§ 8301, 8302. The complaint was signed by Linda Jackson as the named plaintiff, and also by the decedent's parents as "understood and agreed to."

After discovery was well under way the United States moved to dismiss on the ground that the suit was barred for failure to exhaust administrative remedies because Jackson's widow had not filed an administrative claim. Plaintiff opposed the motion, arguing that the claim filed by Jackson's parents satisfied the requisites of the Federal Tort Claims Act because the claim form listed Linda Jackson as Jackson's spouse, therefore putting the government on "notice" of her claim, and because the survival claim she asserted was the same "right" asserted by the parents in their administrative action. On October 12, 1982, the District Court dismissed the suit, holding that the parents' administrative claim for wrongful death "was filed on their own behalf" and "cannot be used by plaintiff to satisfy the requirement that she file an administrative claim." *Jackson,* 558 F.Supp. at 16.

The District Court was clearly correct in concluding that the survivorship action and Linda Jackson's individual wrongful death action are barred by the Federal Tort Claims Act. She filed no administrative claim on behalf of herself or the estate. Such a claim is a mandatory jurisdictional prerequisite to a suit against the United States. 28 U.S.C. § 2675. Mere "notice" of plaintiff's claims, even if such

---

* Sitting by designation pursuant to 28 U.S.C. § 292(a).

1. *Jackson v. United States,* 558 F.Supp. 14 (D.D.C.1982).

could be inferred from the claim form filed by Jackson's parents, is not enough. *See, e.g., Gordon H. Ball, Inc. v. United States,* 461 F.Supp. 311, 314 (D.Nev.1978); *Walker v. United States,* 471 F.Supp. 38, 42 (M.D. Fla.1978); *Green v. United States,* 385 F.Supp. 641, 644 (S.D.Cal.1974); *Collazo v. United States,* 372 F.Supp. 61, 62 (D.P.R. 1973). Nor can there be any doubt that the survivorship claims raised in court are different in nature from the wrongful death claim asserted administratively. *McClinton v. White,* 285 Pa.Super. 271, 427 A.2d 218, 221 (1981).

■ There nevertheless remains an issue which was not fully addressed by the District Court, namely, whether Linda Jackson, as personal representative of the estate, can pursue the *parents'* own claim for wrongful death on their behalf.[2] There is no question that the parents have satisfied the administrative exhaustion requirements of the FTCA with respect to their own wrongful death claim. Moreover, the complaint filed below was brought "for damages for the wrongful death and survivorship (by the wife, the estate, *and its heirs*) of a prisoner ..." [emphasis added], and was signed by the parents as "agreed to." It cannot be said, therefore, that the parents took no further action to pursue their wrongful death claim. 558 F.Supp. at 15.

The parents' claim has been properly presented in Court, however, only if the named plaintiff has authority to represent their interests with respect to their § 8301 wrongful death claim. This question, which involves an interpretation of Pennsylvania law, *see* 28 C.F.R. 14.5, was not addressed by the District Court and has not been adequately briefed and argued on appeal. Further facts may be required before the effect of Pennsylvania law in the present case can be determined.[3] This

2. This issue was not discussed by the District Court in its Memorandum opinion. Plaintiff brought this question to the Court's attention in her motion for reconsideration, which was denied without explanation.

3. The law of that state on this question is not clear. *Compare Soares v. McClosky,* 466 F.Supp. 703, 708 (E.D.Pa.1979) ("Under Pennsylvania

phase of the case must be remanded to the District Court. Although we express no view on the merits, if the District Court determines that the parents' wrongful death action should go forward any recovery must be limited to the $100,000 claimed administratively. 28 U.S.C. § 2675(b). We intimate no view concerning whether Linda Jackson would be entitled under state law to share in the parents' recovery or, indeed, whether the federal courts are the proper forum for addressing this issue.

The judgment of the District Court is affirmed in part and remanded for further consideration in the light of the foregoing.

law, an administratrix can bring ... a wrongful death action on behalf of specified beneficiaries ...") *with Heffner v. Allstate Insurance Co.,* 265 Pa.Super. 181, 401 A.2d 1160, 1164 (1979) ("In a wrongful death action ... [t]he persons entitled to recover such damages do not include the victim's estate generally ...").