**Margo M. THOMPSON, Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

**Civ. A. No. 90–1658.**

United States District Court,
District of Columbia.

Oct. 26, 1990.

Steven A. Hamilton, Washington, D.C., for plaintiff.

Charles L. Hall, Asst. U.S. Atty., Washington, D.C., for defendant.

## ORDER

REVERCOMB, District Judge.

This case arises out of a bicycle accident on August 30, 1987, when Plaintiff Thomp-

son collided with a water hose that allegedly had been negligently placed along a bicycle path near the Vietnam Memorial.

Pursuant to the Federal Tort Claims Act, the plaintiff timely filed a Standard Form 95 (SF–95) on August 25, 1989. Although the SF–95 did not state a sum certain amount for damages, the plaintiff submitted an estimate of her medical expenses incurred to date in a letter that accompanied the original SF–95. The letter stated that the plaintiff had incurred approximately $27,000.00 in medical expenses and lost wages up to date and specifically enumerated other pending medical bills that would be forthcoming. On August 31, 1989, one day after the statute of limitations had run, the plaintiff amended her claim to include a sum certain of $750,000.00.

On February 2, 1990, the plaintiff's administrative claim was denied. On July 18, 1990, the plaintiff filed an action under the Federal Tort Claim Act, 28 U.S.C. §§ 2401, 2671, *et seq.* (FTCA), seeking $500,000 in damages.

The defendant has filed a motion to dismiss, alleging that the plaintiff did not meet the notice requirements of the FTCA because she failed to include in her administrative claim a sum certain amount for damages. The plaintiff contends that this Court has proper jurisdiction over the action and that her claim states an adequate legal basis upon which relief may be granted.

■ As a prerequisite for filing a civil tort action, the FTCA requires the plaintiff to file with the agency: "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum-certain damages claim." 28 C.F.R. 14.2(a). "The purpose of this notice [is] to protect the municipality from the expense of needless litigation, give it an opportunity for investigation, and allow it to adjust differences and settle claims without suit." *GAF Corp. v. United States*, 818 F.2d 901, 919 (D.C.Cir.1987) (quoting S.Rep. No. 1327). The sum certain statement should enable the agency to determine whether settlement or negotiations are desirable. *Id.* at 920.

■ In the instant case, although the plaintiff's SF–95 did not technically state a sum certain, the accompanying letter sufficiently supplemented the claim in order to give notice and adequately state a cause of action upon which relief may be granted. The detail of the letter stated known damages up until August 25, 1989 and enumerated other medical bills. This information provided the agency with facts from which it could estimate the value of the claim and enable it to determine whether settlement or negotiations were desirable. Therefore, the plaintiff timely met the notice requirement of the FTCA. *See Williams v. United States*, 693 F.2d 555 (5th Cir.1982) (sum certain requirement met even though claim form did not state personal injuries figure); *Molinar v. United States*, 515 F.2d 246 (5th Cir.1975) (sum certain requirement could be met by merely providing agency with facts from which it could estimate value of claim); *Rucker v. United States Dept. of Labor*, 798 F.2d 891 (6th Cir.1986) (claim form stating "in excess of $10,000–$450,000" was sufficient for sum certain notice).

■ In addition, the plaintiff amended her claim to include a sum certain one day after the statute of limitations had run. This prompt correction cured any defect that might have been present when the original claim was timely filed. *See Apollo v. United States*, 451 F.Supp. 137 (M.D.Pa. 1978) (plaintiff's timely filed, but technically deficient claim, was cured by prompt correction of the technical omission when amended notice was filed ten weeks later).

For the reasons stated above, it is ORDERED that the Defendant's Motion to Dismiss is DENIED.