966 F.2d 701
 296 U.S.App.D.C. 181
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Larry N. BODE, Appellant,
v.
FEDERAL PRISON INDUSTRIES INCORPORATED, et al.
 No. 90-5213.
 United States Court of Appeals, District of Columbia Circuit.
 May 8, 1992.
 
 Before WALD, D.H. GINSBURG and SENTELLE, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of the response to the court's order to show cause filed August 16, 1991, and the motions for appointment of counsel, it is
 
 
 2
 ORDERED that the order to show cause be discharged. It is
 
 
 3
 FURTHER ORDERED that the motions for appointment of counsel be denied. Appointment of counsel in a civil action is exceptional and is wholly unwarranted when appellant has not demonstrated any likelihood of success on the merits. See D.C. Circuit Handbook of Practice and Internal Procedures 29 (1987). It is
 
 
 4
 FURTHER ORDERED, on the court's own motion, that the district court's order filed May 31, 1990, dismissing appellant's action, be summarily affirmed. Appellant's claim against appellee Federal Prison Industries, Inc., for monetary relief is barred by the doctrine of sovereign immunity. See Clark v. Library of Congress, 750 F.2d 89, 102-04 (D.C.Cir.1984). His purported claim under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq., is barred by failure to show exhaustion of his administrative remedy. 28 U.S.C. § 2675; see Jackson v. United States, 730 F.2d 808, 809 (D.C.Cir.1984) (per curiam).
 
 
 5
 Appellant's claims against appellee James W. Tracy and his claim for injunctive relief are barred by the doctrine of claim preclusion. See Montana v. United States, 440 U.S. 147, 153 (1979). Appellant's prior unsuccessful action against Tracy, see Bode v. Tracy, No. 89cv02190 (D.D.C. Aug. 4, 1989), aff'd, No. 89-7195 (D.C.Cir. Dec. 29, 1989) (per curiam), precludes a subsequent action arising from the same transaction or occurrence, against Tracy and the agency he represents. See Gregory v. Chehi, 843 F.2d 111, 119-20 (3d Cir.1988); see also Restatement (Second) of Judgments § 51 (1982).
 
 
 6
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.