Robert J. **VERNER**, Plaintiff,

v.

**UNITED STATES GOVERNMENT,**
Defendant.

**Civ. A. No. 92–1572 SSH.**

United States District Court,
District of Columbia.

Oct. 26, 1992.

---

Robert J. Verner, pro se.

Claire M. Whitaker, Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM ORDER

STANLEY S. HARRIS, District Judge.

Before the Court is plaintiff's motion for a preliminary injunction, defendant's motion to dismiss and opposition to plaintiff's motion for a preliminary injunction, plaintiff's opposition thereto, and defendant's reply. Upon careful consideration of the entire record, the Court dismisses most of the case for lack of subject matter jurisdiction and, due to lack of venue in the District of Columbia, transfers the case to the United States District Court for the Western District of Texas. *See* Fed.R.Civ.P. 12(b)(1), (3). "Findings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56." Fed. R.Civ.P. 52(a). Nevertheless, for the benefit of the parties, the Court sets forth briefly its reasoning.

### Background

Plaintiff's fifty-two page complaint sets forth in detail his medical history and

> centers primarily on activities of the old Veterans Administration and the new Veterans Affairs, ... which is now controlled by the President (Executive Department), via his cabinet Secretary of Veteran Affairs, who ruled over the Bureau of Veteran Affairs ..., who preside over Veteran Affairs Regional Offices ...; who in turn preside over some 127 Veteran Affair Hospitals....

Complaint at 2–3.

Plaintiff's first eleven "claims" (hereinafter referred to as counts) allege "negligent omissions" and rely on the Federal Tort Claims Act (FTCA) for relief. *See* Complaint at 7–42. Plaintiff's next four counts allege violations of his rights under the

Constitution, *see* Complaint at 43–49, although his opposition appears to maintain that these counts are also brought pursuant to the FTCA, *see* Plaintiff's Opposition, at 4.[1] In addition to this suit, plaintiff has appealed his most recent disability rating to the Board of Veterans Appeals. That appeal has been remanded to the VA Regional Office (VARO) in Waco, Texas, and is apparently still pending. *See* Defendant's Motion, Exh. B.

Defendant moves to dismiss based on lack of subject matter jurisdiction, improper venue, and failure to state a claim upon which relief can be granted. In the alternative, defendant requests that the action be transferred to the United States District Court for the Western District of Texas.

### Discussion

Although the Court concludes that the case should be transferred, it first addresses its subject matter jurisdiction.

### The FTCA Counts

Under the FTCA, prior to filing suit, a claimant must make a presentment of his claims to an agency setting forth "(1) a written statement sufficiently describing the injury to enable the agency to begin its investigation, and (2) a sum-certain damages claim." *GAF Corp. v. United States*, 818 F.2d 901, 919 (D.C.Cir.1987). In addition, such presentment must be made within two years of the alleged negligent act; and, if the claim is denied by the agency, the claimant must file suit within six months of the notice of final denial. *See* 28 U.S.C. § 2401(b); *Liles v. United States*, 638 F.Supp. 963, 966 (D.D.C.1986) (citing *Schuler v. United States*, 628 F.2d 199, 201–02 (D.C.Cir.1980) (en banc) (per curiam)) (other citations omitted).

Here, plaintiff filed a claim, seeking $5,000,000, with the Department of Veterans Affairs (VA) on July 8, 1991. *See* 28 C.F.R. § 14.2(a) ("For purposes of the provisions of 28 U.S.C. § 2401(b), ... a claim shall be deemed to have been presented when a Federal agency receives from a claimant ... written notification of an incident...."); Defendant's Motion, Exh. E (showing plaintiff's claim received on July 8, 1991). Therefore, plaintiff's complaint is barred as to all claims which accrued prior to two years before that date.[2] *See Liles*, 638 F.Supp. at 966–67. Accordingly, the FTCA count one (alleging negligence by the Denver VA Hospital on September 8, 1983), count two (alleging negligence by the Denver VARO Hospital and the Denver VA Hospital in 1983–1984), count three (alleging lack of investigation by Congress in 1983 and 1987–1988), count four (alleging negligence by the VA in 1983–1984 and arguably through 1988 regarding lost files), count five (alleging negligence by the El Paso Clinic of the VA and the Waco VARO in 1988), and count eight (alleging negligent refusal to admit plaintiff by the VA and the Tucson VA hospital on July 4, 1989), are time-barred and must be dismissed for lack of subject matter jurisdiction.

Some of plaintiff's claims also fail to meet the presentment requirement, including, but not limited to, the FTCA counts six, nine, ten and eleven.[3] Plaintiff's notice to the agency was insufficient to allow the agency to investigate count nine, "[n]egligent representation of [plaintiff] at VA hearings by negligent omissions and/or commissions." Complaint at 35. This count raises a general claim, with no specific dates alleged. The only statement in plaintiff's notice which could possibly be

---

**1.** Instead of numbering his counts one through fifteen, plaintiff numbers his FTCA counts as counts one through eleven and his constitutional counts as counts one through four. To differentiate between them, the Court refers to them respectively as the FTCA counts and the constitutional counts.

**2.** Although plaintiff alleges his claims are continuing in nature, the Court disagrees. His allegations suggest that, as to each claim that the Court finds is time-barred, he "had sufficient

information to take legal action." *See Socialist Workers Party v. Attorney General of the United States*, 642 F.Supp. 1357, 1414 (S.D.N.Y.1986). Therefore, the statute of limitations was not tolled.

**3.** Because the Court has already determined that the time-barred counts must be dismissed, it does not address whether any of those counts also fail to meet the presentment requirement.

read to encompass this count are the following statements:

> Currently VA has set up mythical hearings in Waco, Texas with mythical File numbers failing to apprise this veteran of applicable Court of veteran Claims numbers or Bureau numbers. The purpose is to conceal facts from the veteran herein and cause him to miss Statutes of limitation despite the fact VA is charged with helping Veteran to present his claim per Congressional legislation.

*See* Defendant's Motion, Exh. E, at 2–3. This is insufficient to meet the requirement of § 2675(a) as to the allegations raised in count nine. Accordingly, the FTCA count nine is dismissed for lack of subject matter jurisdiction for failure to exhaust administrative remedies.

Likewise, plaintiff's notice to the agency failed to identify adequately the FTCA counts ten and eleven. In count ten he alleges that in April 1990, "Waco VARO deducted about $25.00 from that particular month's disability payment without any explanation; and since then have failed and refused to explain this unauthorized taking of [plaintiff's] property." Complaint at 41. In count eleven, he claims that the "VA without authority and against express instructions to the contrary, took this surplus [from plaintiff's last payment on a loan] and applied it to [another of plaintiff's loans] of 4% reducing the balance of said loan in said sum." Complaint at 42. The only reference to this in plaintiff's notice to the agency—"the arbitrary confiscation of this Claimant's bank account by said VA for alleged overpayment never explained"—is clearly insufficient to put the agency on notice of his claim or to allow the agency to investigate. Therefore, counts ten and eleven are dismissed for lack of subject matter jurisdiction.

■ Only plaintiff's FTCA counts six and seven can survive this motion to dismiss.[4] However, although this Court has subject matter jurisdiction, it is not the appropriate venue. *See* 28 U.S.C. § 1402(b).[5] Accordingly, the remainder of the case will be transferred to the United States District Court for the Western District of Texas.[6]

### The Constitutional Counts

■ As to constitutional count one, although worded as a fifth amendment takings claim, to the extent it states a claim at all, it is merely a challenge to an eligibility and benefits determination made by the VA. Similarly, constitutional count two challenges a VA determination of eligibility. Review by this Court is clearly barred by 38 U.S.C. § 511(a). *See* 38 U.S.C. § 511(a) ("The Secretary shall decide all questions of law and fact necessary to a decision ... under a law that affects the provision of benefits ... to veterans.... [T]he decision ... as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court...."). Therefore, constitutional

---

**4.** Count six alleges negligence on the part of the Denver VA in failing to notify plaintiff of a medical board hearing on or about September 10, 1984. *See* Complaint at 22, 24–25. It is unclear on this record whether plaintiff knew about the hearing in 1984 and simply did not the learn of the result until the Waco hearing in 1990, *see* Complaint at 24; or whether plaintiff neither knew about the hearing nor the results until 1990. *See* Complaint at 22. If the former is the case, it seems that his claim under this count may be time-barred. *See Drazan v. United States,* 762 F.2d 56, 59 (7th Cir.1985) (holding that the statute of limitations under the FTCA begins to run "either when the government cause is known or when a reasonably diligent person (in the tort claimant's position) reacting to any suspicious circumstances of which he might have been aware would have discovered

the government cause—whichever comes first") (citations omitted). It seems that if plaintiff was aware in 1984 that a hearing had been held, he was under some obligation to investigate why he had received no information as to its outcome. However, because the record on when he learned of the 1984 hearing is unclear, the Court reserves judgment on whether this claim is time-barred.

**5.** The Court does not reach defendant's motion to dismiss for failure to state a claim.

**6.** The Court notes that if plaintiff seeks damages in excess of $10,000 on the remaining two counts, it appears that the proper forum would be the United States Claims Court. *See* 28 U.S.C. § 1346(a)(2).

counts one and two are dismissed for lack of subject matter jurisdiction.

As to constitutional counts three and four, these counts merely re-allege in constitutional language claims raised elsewhere in the complaint. As in *Deloria v. Veterans Administration,* plaintiff "struggles to elevate a commonplace tort violation into a constitutional challenge." *Deloria v. Veterans Admin.,* 927 F.2d 1009, 1013 (7th Cir.1991). Plaintiff cannot circumvent either § 511(a) or the exhaustion requirement of the FTCA by making sweeping, unsubstantiated allegations of unconstitutionality. *See id.* Accordingly, counts three and four are also dismissed for lack of subject matter jurisdiction.

*Preliminary Injunction Request*

■ Plaintiff's preliminary injunction involves matters outside the scope of his complaint—two incidents in 1992 when plaintiff experienced medical difficulties. He seeks an order mandating defendant to provide him with care at the private doctor of his choice and an injunction barring defendant from preventing plaintiff from receiving emergency treatment. The Court is clearly barred by § 511(a) from issuing such an order. *See* 38 U.S.C. § 511(a).[7] Therefore, the motion is denied and the claims therein are dismissed for lack of subject matter jurisdiction.

*Conclusion*

Accordingly, for the reasons stated above, it hereby is

ORDERED, that plaintiff's case is dismissed for lack of subject matter jurisdiction as to the FTCA counts one, two, three, four, five, eight, nine, ten, and eleven, and constitutional counts one, two, three, and four. It hereby further is

ORDERED, that plaintiff's motion for a preliminary injunction is denied. It hereby further is

ORDERED, that the claims raised in plaintiff's motion for a preliminary injunc-

tion are dismissed for lack of subject matter jurisdiction. It hereby further is

ORDERED, that the case, which has only the FTCA counts six and seven remaining, is transferred to the Waco Division of the United States District Court for the Western District of Texas.

SO ORDERED.

---

7. Plaintiff has also failed to exhaust his administrative remedies. He has not made a request for reimbursement as allowed pursuant to 38 U.S.C. § 1728. *See* Declaration of Lorenzo A. Rede, Defendant's Motion to Dismiss, Exh. D.