Karen Ruth Thompson, Corpus Christi, TX, for plaintiff.

Lawrence McKinley Ludka, U.S. Attys. Office, Corpus Christi, TX, for defendant.

**Aaron VICE, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. C–93–370.**

United States District Court, S.D. Texas, Corpus Christi Division.

Aug. 15, 1994.

*ORDER REDUCING AD DAMNUM CLAUSE*

JACK, District Judge.

On this date came on to be considered Defendant, United States of America's (Defendant) Motion to Reduce Ad Damnum Clause of Plaintiff's Complaint (the motion). This lawsuit arises out of an automobile collision between the Plaintiff, Aaron Vice (Plaintiff), and a United States Mail truck driven by a United States Government employee, Gregory Abraham, who was acting within the course and scope of his employment.

■ This Court has exclusive, original jurisdiction pursuant to 28 U.S.C. § 1346(b) and the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* It is agreed that Plaintiff has

fulfilled the administrative exhaustion requirement of 28 U.S.C. § 2675(a). The requirement of filing an administrative claim in a sum certain is a jurisdictional prerequisite for the United States' waiver of sovereign immunity. *Molinar v. United States*, 515 F.2d 246, 248 (5th Cir.1975).

In addition to requiring the Plaintiff to exhaust his administrative remedies, § 2675(b) specifically provides that an action shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency against whom the Plaintiff is proceeding. The only exception to subsection (b) is "... where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim."

In this case, the accident occurred on April 7, 1992. The Plaintiff filed his administrative claim for property damage in the amount of $5,417.21 on April 27, 1992, twenty days after the accident occurred. He subsequently filed his Original Complaint and sought $19,500.00 in damages. As a result, the Defendant filed its motion seeking to limit Plaintiff's recovery to no more than the amount he claimed in his administrative claim—$5,417.21. However, in his response to Defendant's motion, Plaintiff states that although he filed his administrative claim on April 27, he did not receive medical attention for his injuries until July 22, 1992 when he was diagnosed by Dr. Robert Vela with muscle strains of the back. Therefore, avers Plaintiff, "[T]he subsequent findings regarding Plaintiff's medical condition are newly discovered evidence or intervening facts which bring him under the exception of [§ 2675(b) ]."

The Fifth Circuit has addressed this issue several times in the past with the same conclusion: to warrant recovery in excess of the specified claim amount, the claimant must show that "... the allegedly newly discovered evidence or intervening facts must not have been *reasonably capable of detection at the time the administrative claim was filed* ... the information must not have been discoverable *through the exercise of reasonable diligence.*" *Low v. United States*, 795 F.2d 466, 470 (5th Cir.1986). (emphasis added) *See also, Martinez v. United States*, 780 F.2d 525, 527–528 (5th Cir.1986). The strict reading accorded § 2675(b) by the Fifth Circuit in *Low* has been followed and cited with approval by other circuit courts of the United States. *See, Allgeier v. United States*, 909 F.2d 869, 878 (6th Cir.1990) ("... we believe that the stricter reading of "intervening fact" in these cases is supported by considerations of policy and law."); *Reilly v. United States*, 863 F.2d 149, 172 (1st Cir.1988).

In light of the case law cited above, the Court notes that in his sworn deposition testimony the Plaintiff admits that even though he felt that he had suffered some sort of physical injury as a result of the accident, it was not until July 22, 1992, some three and one-half months after the accident occurred, and three months after he filed his administrative claims, that he saw any kind of health care provider or received any kind of medical attention for his personal injuries. The Court finds the following exchange from the Plaintiff's deposition particularly pertinent to the resolution of this matter:

Q: ... do you remember whether or not you claimed any personal injuries—

A: Yes, sir.

Q: —when you filed a claim with the Postal Service?

A: Yes, sir.

Q: Did you claim any personal injuries?

A: Yes, sir.

Q: All right. When did you first become aware that you had personally been injured in this accident?

A: A day or two later after the accident.

Q: Okay. So, this accident was on the 7th, so by the 9th you felt that you had suffered some sort of physical injury as a result of this?

A: Exactly.

Deposition of Aaron Vice, Page 22, Line 13—Page 23, Line 4. It is clear from the Plaintiff's deposition testimony that he was aware of his injuries, and in fact he admits that he claimed personal injuries when he filed his administrative claim seeking the $5,417.21 in damages on April 27, 1992.

40

Thus, it is apparent that the Plaintiff's injuries were reasonably capable of detection at the time the administrative claim was filed, and further, the information certainly would have been discoverable through the exercise of reasonable diligence on the Plaintiff's part. As such, the Court finds that the Plaintiff has failed to meet the requirements of 28 U.S.C. § 2675(b) for the modification of his claim. Therefore, it is ORDERED that the United States' Motion to Reduce Ad Damnum Clause of Plaintiff's Complaint is hereby GRANTED, and the Plaintiff shall be required to amend the ad damnum clause of his complaint to limit the damages he is seeking to a maximum of $5,417.21.

ORDERED.