Tonyia **STOKES,** Plaintiff,

v.

**U.S. POSTAL SERVICE,**
et al., Defendants.

**Civil Action No. 95–0795.**

United States District Court,
District of Columbia.

July 19, 1996.

Tonyia D. Stokes, Burtonsville, MD, plaintiff pro se.

Wyneva Johnson, Assistant United States Attorney, United States Attorney's Office, Washington, DC, for Defendants.

## MEMORANDUM OPINION & ORDER

### Granting Defendants' Motion To Dismiss

URBINA, District Judge.

This matter comes before the court upon defendants' motion to dismiss; plaintiff's memorandum in opposition; defendants' reply;[1] plaintiff's reply and defendants' sur-

1. The court denies plaintiff's motion to strike defendants' reply.

reply.[2] The court concludes that the defendants' motion to dismiss shall be granted because this court lacks subject-matter jurisdiction to hear this controversy as the plaintiff has not met the "presentment" requirements contained in the Federal Tort Claims Act (FTCA) 28 U.S.C. Sections 2401(b) and 2675 et seq.

## I. BACKGROUND

Plaintiff, Tonyia Stokes, filed the above-captioned action on May 12, 1995 alleging that the United States Postal Service (USPS) negligently handled the processing of an Internal Revenue Service (IRS) tax levy against her wages. In March 1993, USPS received a request from the IRS for a tax levy of $2,672.71 on the plaintiff's wages. In response to the IRS's request, the USPS garnished $735.71 from plaintiff's paycheck for the pay-period (p/p) 5 of 1993 and $792.04 in p/p 6 of 1993. Subsequently, plaintiff entered into a Payroll Deduction Agreement with the IRS whereby $100.00 would be garnished from each of her paychecks until she satisfied all her outstanding tax obligations. This arrangement began with p/p 8 of 1993 and continued through p/p 15 of 1993.

In p/p 16 of 1993, the USPS witheld $731.09 from plaintiff's paycheck because of another IRS request for a tax levy, amounting to $1,977.12. In p/p 17 of 1993, the USPS garnished $701.77 for the same reason.

Plaintiff subsequently learned from the IRS that her previous Payroll Deduction Agreement had been unilaterally cancelled by the IRS because of the USPS' failure to complete the necessary paperwork. In response to these two large payroll deductions and the cancellation of her original Payroll Deduction Agreement, plaintiff entered into another Payroll Deduction Agreement with the IRS. A $100.00 deduction from her paycheck began with p/p 19 of 1993 and continued through p/p 21 of 1993.

In November 1993, the USPS received another request for a tax levy from the IRS to be deducted from plaintiff's wages. The amount of this levy was $1,124.21. The USPS received a fourth IRS request for a levy in February 1994 for the amount of $1,150.10. In response to this latest tax levy, the USPS withheld plaintiff's entire net pay for p/p 6 of 1994. The amount withheld from plaintiff's p/p 6 paycheck was $889.30, which represented her entire net pay. The USPS admitted that this action was the result of a computer error on its part. All levies have since been released by the IRS as plaintiff has satisfied all her outstanding tax obligations.

After the entire net pay was withheld from her p/p 6 paycheck, plaintiff sought and obtained a meeting with Linda Venable, Manager of Finance, at the General Mail Facility located in Washington, D.C. At this meeting, plaintiff requested a salary advance. Ms. Venable denied this request on behalf of the USPS. On April 2, 1994, plaintiff mailed Ms. Venable a letter again requesting a salary advance. Subsequently, plaintiff met with the Postmaster of Washington, D.C., Mr. David Clark, Ms. Venable and Mr. Herb Hollar, Supervisor of Finance at the USPS. Again, her request for a salary advance, to replace the amount taken from her paycheck due to the USPS's accounting error, was denied.

Plaintiff then sent copies of her April 2, 1994 written request for a payroll advance to various officials in the USPS. Sometime during this period, the USPS reversed its position, granted plaintiff a salary advance and forwarded two checks to her totalling $869.05.

Plaintiff alleges that as a result of the Defendants' actions she has suffered great mental stress, loss of personal property and eviction from her place of residence. Plaintiff seeks $6,000.00 in compensatory damages and $444,000.00 in punitive damages.

## II. ANALYSIS [3]

Defendants' have moved for dismissal under Fed.R.Civ.P. 12(b)(1). Pursuant to Fed.

2. The court grants defendants leave to file a surreply.

3. Plaintiff moved to amend her complaint by adding the United States as a defendant. 28

U.S.C. Section 2679(a) and 2679(b)(1) "direct[s] that the exclusive remedy for common law tort claims is an action against the United States rather than against the individuals or the particu-

R.Civ.P. 12(b)(1), the court may grant a motion to dismiss if the court lacks subject-matter jurisdiction over the controversy. The court, on a motion to dismiss, shall accept the allegations in plaintiff's complaint as true. *See Jenkins v. McKeithen,* 395 U.S. 411, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969).

Defendants' argue that plaintiff has failed to present her claim to the USPS, as required by the Federal Tort Claims Act (FTCA). Defendants posit that plaintiff's failure to follow the presentment requirements embodied in the FTCA prevents this court from having subject matter jurisdiction over the present controversy. Conversely, plaintiff argues that the April 2, 1994 letter suffices to satisfy the presentment requirements of the FTCA. Alternatively, plaintiff argues that her filing of an amended claim on August 17, 1995 cured any defect that her April 2, 1994 letter contained.

**A. The Presentment Requirements Of 28 U.S.C. Section 2675(a) and 2401(b)**

■ The federal government and its agencies are "absolutely shielded from tort actions for damages unless sovereign immunity has been waived." *Kline,* 603 F.Supp. at 1316 (*citing United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953–54, 47 L.Ed.2d 114 (1976). The FTCA, however, waives sovereign immunity in a limited number of tort actions. *See* 28 U.S.C. Section 2680(h). Sections 2675(a) and 2401(b) require plaintiff to file her claim with the appropriate federal agency before initiating a suit in federal court. Such a claim is a mandatory jurisdictional prerequisite to filing a lawsuit against the United States. *Jackson v. United States,* 730 F.2d 808, 809 (D.C.Cir. 1984).

Therefore, if a plaintiff does not meet these requirements, a court lacks jurisdiction to entertain a tort claim against the United States. *Id.*[4] Section 2675(a) reads, in pertinent part,

An action shall not be instituted upon a claim against the United States ... unless the claimant shall have first presented the claim to the appropriate Federal agency ...

28 U.S.C. Section 2675(a). Section 2401(b) requires such a claim to be presented to the appropriate federal agency "within two years after such claim accrues or unless action is begun within six months after ... notice of final denial of the claim by the agency to which it was presented."

■ Congress did not include the "presentment" requirements to frustrate plaintiffs who have tort claims against the United States. *GAF,* 818 F.2d at 917–18. Rather, the reason for such requirements is to give the implicated agency an opportunity to investigate claims that are lodged against it and further, to provide an opportunity for settlement discussions between the agency and the claimant to take place, when such discussions are appropriate. *Id.*

In reviewing the presentment requirement contained in 2675(a), the Supreme Court has ruled that pro se litigants should be held to the same standard as litigants who have retained counsel. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993). In announcing this rule, the Court stated " 'in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.' " *Id.* (*quoting Mohasco Corp. v. Silver,* 447 U.S. 807, 826, 100 S.Ct. 2486, 2497, 65 L.Ed.2d 532 (1980)).

■ Consequently, under the FTCA, prior to filing suit, a claimant must "make a presentment of his claims to an agency setting forth '(1) a written statement sufficiently describing the injury to enable the agency to begin its investigation, and (2) a sum-certain damages claim.' " *Verner v. United States Government,* 804 F. Supp 381, 383 (D.D.C. 1992) (*quoting GAF,* 818 F.2d at 919). A claimant must present her claim within two years of the alleged negligent act and, if the

---

lar governmental agencies ..." *Kline v. Republic of El Salvador,* 603 F.Supp. 1313, 1316 (D.D.C.1985). Accordingly, plaintiff's motion is granted and all other defendants are hereby dismissed from this action.

4. For an in-depth discussion on the history and the congressional intent behind this jurisdictional requirement *see GAF v. United States,* 818 F.2d 901, 917–20 (D.C.Cir.1987).

claim is denied by the agency, the claimant must file suit within six months of the notice of final denial. 28 U.S.C. Section 2401(b); *Verner*, 804 F.Supp. at 383 (*citing Liles v. United States*, 638 F.Supp. 963, 966 (D.D.C. 1986)).

In the present case, plaintiff has not presented her claim to the USPS in the manner required by 28 U.S.C. Section 2675(a) and Section 2401(b). Plaintiff claims her letter of April 4, 1994 to Linda Venable of the USPS constitutes a written notification of the claim for purposes of the FTCA. Close inspection of this letter however, reveals that it does not meet the requirements of Section 2675(a).

### 1. Letter To Linda Venable Was Not Sufficient To Enable USPS To Investigate Plaintiff's Claim And Did Not State A Sum–Certain Amount For Damages

■ Claimants are required to give notice to a federal agency of their tort claims to protect the agency from needless litigation and to provide it with an opportunity to investigate tort claims. *GAF*, 818 F.2d at 919. Moreover, a written request outlining a claim to an agency must be "couched" in terms of an administrative claim being brought pursuant to the FTCA, and not some other type of claim. *Roper Hosp., Inc. v. United States*, 869 F.Supp. 362 (D.S.C.1994).

■ The April 2, 1994 letter plaintiff sent to Linda Venable is a plea for an advancement of salary. Plaintiff states in the letter: "I am suggesting, again, that you would take a closer look at this situation and grant me an *advancement of pay* for pay period six

(1994)." [5] In her pleadings, plaintiff herself refers to this letter as a plea for a salary advance. Plaintiff argues that she was "... denied [her] request despite the authenticity of my evidence." [6] The denials she refers to are the USPS's denials of her requests for a salary advance.[7] Plaintiff also stated she, "... presented the facts of [her] claim and still, [she] was denied the relief [she] asked for." [8] This statement is in reference to her meeting with postal officials and their refusal to grant her a salary advance. These statements demonstrate that this letter was a request for an advancement of salary to cover the sum inadvertently deducted by the USPS from plaintiff's paycheck.[9] Since the only reasonable reading of plaintiff's letter is a request for a salary advance, said letter cannot be read as having supplied sufficient notice to the USPS to allow it to investigate an alleged tort claim.

In addition, the letter does not provide a sum-certain amount for damages, as required by 28 U.S.C. Section 2675(a). The purpose of requiring claimants to include a sum-certain amount for damages is to allow the federal agency to "determine whether settlement or negotiations" toward a settlement are desirable. *GAF*, 818 F.2d at 920. In the letter, plaintiff refers to the amount she paid in hotel bills.[10] She does not, however, mention this expense in connection with any damage claim she wishes to put forth. Nowhere in the letter does plaintiff imply that she wished to claim this amount as part or all of her damages. The only other reference to money in the letter was to the salary advance plaintiff requested.[11] Therefore, the court concludes that the letter upon which plaintiff relies as constituting the presentment of her

---

**5.** Plaintiff's Opposition, Ex. A, p. 2 (emphasis added). Plaintiff had originally requested this salary advance in a meeting with Ms. Venable on March 31, 1994. This request was denied.

**6.** Petition to Amend Complaint Including Caption, p. 5.

**7.** *Id.*

**8.** *Id.* at p. 4.

**9.** *See Best Bearings Co. v. United States*, 463 F.2d 1177, 1179 (7th Cir.1972) (holding that a request for the return of an item seized by the government is not considered a presentation of a claim under 2675(a)).

**10.** Plaintiff stated in her April 2, 1994 letter, "[i]n order to pay for my hotel room, in the amount totaling $3,276.41, I had to ..." Plaintiff's Opposition, Ex. A, p. 2. Plaintiff alleges she had to live in a hotel for a period of time after being evicted from her place of residence. Plaintiff claims her inability to meet her rental payment obligations, and her subsequent eviction, were directly caused by the defendants' negligent withholding of her entire paycheck in p/p 6 of 1994.

**11.** In *Thompson v. United States*, 749 F.Supp. 299 (D.D.C.1990), a plaintiff was allowed to proceed with a civil action against the government despite the fact that her claim, when presented to the appropriate federal agency, did not specify

claim to the USPS does not meet the requirements of 28 U.S.C. Section 2675(a) and 2401(b).[12]

### B. Plaintiff's Attempt To Amend Her Claim ·

■ Plaintiff contends that even if this court concludes that her April 2, 1994 letter does not meet the jurisdictional requirements of the FTCA, she has cured her non-compliance by filing, on August 17, 1995, a completed SF–95.[13] This argument however, fails.

Assuming, *arguendo*, that plaintiff's letter of April 2, 1994 was a valid presentment of her claim to the USPS, plaintiff's filing of an SF–95 in August of 1995 cannot be considered a valid amendment to her claim. 28 C.F.R. Section 14.2(c) states, in part:

> A claim presented in compliance with paragraph (a) of this section may be amended by the claimant at any time prior to *final agency action* or prior to *the exercise* of the *claimant's option* under 28 U.S.C. 2675(a).

28 C.F.R. Section 14.2(c) (emphasis added) Failure of an agency to make a final disposition of a claim within six months of presentment entitles claimant anytime thereafter to treat the claim as denied and file suit. *GAF*, 818 F.2d at 918. The filing of such a suit constitutes the exercise of claimant's option

under 28 U.S.C. Section 2675(a) to treat the claim as denied.[14] *Id.* By filing suit in May 1995 claimant exercised her option under Section 2675(a) to treat the claim as denied and she was therefore foreclosed from amending the claim.[15]

■ Even if the court were to consider the SF–95 a proper amendment to plaintiff's claim, the present suit would still have to be dismissed. Pursuant to 28 C.F.R. 14.2(c) and 39 C.F.R. 912.5(b) claimant cannot file suit under the FTCA until the USPS has either denied her amended claim, which plaintiff claims it has not or the USPS does not act on the amended claim within six months of its filing. Consequently, plaintiff could not have filed suit until February 1996. Therefore, even if this court were to accept the April 2, 1994 letter as a properly presented claim, which it does not, plaintiff could not amend said claim by filing an SF–95 in August 1995.

■ There is an exception to the rule prohibiting plaintiffs from amending their claims after a civil action has been filed. Only under special circumstances can plaintiffs amend such claims and thereby be eligible to receive more in damages in their civil action than was originally specified in their administrative claim with the relevant federal agency. These circumstances exist where the amended claim is based on either newly

---

her damages in a sum-certain. The court in *Thompson* allowed the plaintiff to proceed because it found that the documentation attached to plaintiff's claim form gave detailed information such that the agency could accurately estimate the value of her claim. *Id.* at 300. In this case, however, plaintiff has provided no such detailed information. It would have been impossible, given plaintiff's April 4, 1994 letter, for the USPS to estimate the value of plaintiff's claim, let alone that a claim was imminent. The information available to the agency in *Thompson* was of a quality and quantity much greater than that available to the USPS in this case.

12. The fact that plaintiff may have sent this same letter to numerous other postal officials does not alter this conclusion. The letter, irrespective of how many postal officials received it, was simply a plea for a salary advance.

Plaintiff also argues that she followed the Postal Service's Administrative Support Manual's (ASM) regulations in filing her claim. ASM Section 253.221 provides that a tort claim does not have to be filed on the standard government reporting form but can be submitted in an alternative written form. Plaintiff argues that her

April 2, 1994 letter meets this standard. Plaintiff's letter, however, also needs to satisfy the requirements of Section 2675(a), which it does not.

13. "SF–95" is a Standard Form 95. This is the form used to report incidents, which may result in tort claims, to the appropriate agency. Use of this form is not required however, as long as the presentation of the claim to the appropriate agency is in writing. *See* 28 U.S.C. 2675(a); 28 C.F.R. 14.2(c).

14. 28 U.S.C. Section 2675(a) reads in pertinent part:

> The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

15. 28 C.F.R. 14.2(c); *GAF*, 818 F.2d at 918; *McMichael v. United States*, 856 F.2d 1026 (8th Cir.1988); *McFarlane by McFarlane v. United States*, 684 F.Supp. 780, 782 (E.D.N.Y.1988) (cannot file amended claim after civil action has been filed).

discovered evidence not reasonably discoverable by plaintiff at the time she presented her claim to the USPS, or an allegation by plaintiff and proof of intervening facts that would affect to the amount of the claim. 28 U.S.C. Section 2675(b). The burden is on the plaintiff to establish that special circumstances exist.[16] In the present case, plaintiff has not asserted any newly discovered evidence not reasonably discoverable at the time of her April 2, 1994 letter. Similarly, plaintiff has alleged no intervening facts sufficient to allow her to amend her claim. Therefore, plaintiff's SF–95 filed on August 17, 1995 cannot be considered a valid amendment to her claim.

 Not only is the SF–95 not a valid amendment to plaintiff's claim, it is barred from being considered as the filing of a new claim since it was filed with the agency on August, 17, 1995, four days after the statute of limitations had run.[17] The SF–95 listed the date of the incident as August 13, 1993. The SF–95 was signed by plaintiff on August 14, 1995 and received by the USPS on August 17, 1995. Any claim must be filed within two years after such claim accrues. 28 U.S.C. 2401(b). A claim accrues, for FTCA limitations purposes, when the plaintiff knows or reasonably should have known of both the existence and cause of her injury. *Slaaten v. United States*, 990 F.2d 1038, 1041

(8th Cir.1993). Whether a FTCA plaintiff has met the statutory requirements of Section 2401(b) is a question of federal law. *Page v. United States*, 729 F.2d 818, 820 (D.C.Cir.1984).

As demonstrated by plaintiff's own pleadings, plaintiff knew the USPS had made errors in the withholding of monies from her paychecks on or about August 13, 1993. Plaintiff explained that, after the large deductions were taken from her paychecks in p/p 16 and p/p 17 of 1993, she informed the USPS Payroll Department of their error and arranged to have the IRS levy released. The release was effected on August 19, 1993.[18] This demonstrates that plaintiff had knowledge of the purported negligent act on or about August 13, 1994, the date listed on the SF–95. Therefore, the statute of limitations had run four days before her SF–95 was filed with the USPS and her claim is therefore barred.[19]

Accordingly, it is this 18th day of July 1996,

**ORDERED** that defendants' motion to dismiss be and is hereby **granted.**

**SO ORDERED.**

**16.** *Schwartz v. United States*, 446 F.2d 1380, 1381 (3d Cir.1971); *Vice v. United States*, 861 F.Supp. 38, 39 (S.D.Tex.1994); *Murphy v. United States*, 833 F.Supp. 1199, 1203 (E.D.Va.1993); *DeGroot v. United States*, 384 F.Supp. 1178, 1181 (D.Iowa 1974); *Smith v. United States*, 239 F.Supp. 152, 154 (D.Md.1965).

**17.** The limitations periods contained in the FTCA must be strictly construed. *Childers v. United States*, 442 F.2d 1299, 1303 (5th Cir.), *cert. denied*, 404 U.S. 857, 92 S.Ct. 104, 30 L.Ed.2d 99 (1971). These limitations are not to be extended, even for equitable tolling. *Spannaus v. United States Dept. of Justice*, 643 F.Supp. 698, 700 (D.D.C.1986), *aff'd*, 824 F.2d 52 (D.C.Cir.1987); *Anderberg v. United States*, 718 F.2d 976, 977 (10th Cir.1983), *cert. denied*, 466 U.S. 939, 104 S.Ct. 1916, 80 L.Ed.2d 463 (1984); *See also McDuffee v. United States*, 769 F.2d 492 (8th Cir.1985) (dismissing case where plaintiff missed FTCA statute of limitations by one day); *Sinkfield v. Pope*, 578 F.Supp. 1500 (D.C.Mo.1983) (dismissing case after plaintiff missed FTCA statute of limitations by two days).

**18.** Plaintiff's Petition To Amend, p. 2.

**19.** Plaintiff's lawsuit is not barred by the Federal Employment Compensation Act (FECA) as defendants suggest because her alleged mental injuries are not covered by the FECA. *See Newman v. Legal Services Corp.*, 628 F.Supp. 535, 543 (D.D.C.1986). The injuries claimed by plaintiff in the present case fall into the category of injuries not covered under FECA and therefore the exclusive remedy limitations contained in FECA do not apply to plaintiff.

The court does not reach the government's last argument that plaintiff's suit is barred because she is a federal employee. As the Government points out, employees must exhaust the administrative claims procedure bargained for in their collective bargaining agreement before bringing a civil action in court. *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652–53, 85 S.Ct. 614, 616–17, 13 L.Ed.2d 580 (1965). However, the court cannot determine based on the record before it, whether Ms. Stokes exhausted the claims procedure contained in the collective bargaining agreement.