**Perefecto C. VELASCO, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civil Action No. 06–0174 (CKK).**

United States District Court, District of Columbia.

Nov. 9, 2008.

Perfecto C. Velasco, Justinville Subdivision, Phillippines, pro se.

Kathleen M. Konopka, U.S. Attorney's Office, Washington, DC, for Defendant.

## *MEMORANDUM OPINION*

COLLEEN KOLLAR–KOTELLY, District Judge.

This matter is before the Court on defendant's Motion to Dismiss. For the reasons discussed below, the Court will grant defendant's motion and will dismiss this action with prejudice.

## I. BACKGROUND

Plaintiff alleges that "[h]e was a U.S. Navy serviceman ... from 1973 to 1977[.]" Compl. ¶ 2. He states that he was found guilty by a special court-martial of two violations of the Uniform Code of Military Justice, resulting in his bad conduct discharge and confinement at hard labor for four months beginning on February 17, 1976. *See id.* ¶¶ 4, 6 & Annex A. Plaintiff alleges that "[q]uite recently ... he realized that he had been confined and incarcerated for five (5) months and three (3) days, which is one (1) month and three (3) days over and beyond the four (4) months confinement authorized by the judgment against him, and his good behavior was not even credited for one (1) month early release." *Id.* ¶ 6. "He feels and believes that his incarceration or confinement for more than five (5) months ... violated his constitutional rights," *Id.* ¶ 7, presumably those rights protected by the Fourth and

Fifth Amendments to the United States Constitution. *See* Pl.'s Opp'n [Dkt. # 12–2] at 2. For the alleged "grave abuse and disregard of his human rights," *id.*, plaintiff demands "compensatory, punitive and moral damages in the moderate amount of Sixty Three Million (U.S. $63,000,000.00) U.S. Dollars." *Id.* ¶ 9.

## II. DISCUSSION

### *A. This Court Lacks Subject Matter Jurisdiction*

#### 1. *Sovereign Immunity*

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell,* 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). Such consent may not be implied, but must be "unequivocally expressed." *United States v. Nordic Village, Inc.,* 503 U.S. 30, 33–34, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992). The United States has not waived its sovereign immunity for constitutional tort claims. *See Fed. Deposit Ins. Corp. v. Meyer,* 510 U.S. 471, 477, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) (holding that sovereign immunity precludes damage claims against the United States government for constitutional violations). In addition, sovereign immunity extends to governmental agencies such as the Navy and to their employees where such employees are sued in their official capacities. *See id.* at 483–86, 114 S.Ct. 996. Absent a waiver of sovereign immunity, then, the plaintiff cannot prevail in his claims for damages

#### 2. *Federal Tort Claims Act*

An alternative avenue of relief for plaintiff could be under the Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. § 2671 *et seq.* Generally, the FTCA oper-

ates as a limited waiver of sovereign immunity, rendering the United States amenable to suit for certain, but not all, tort claims. *See, e.g., Richards v. United States,* 369 U.S. 1, 6, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962). A claimant may bring a claim against the United States "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).

A condition of this waiver of sovereign immunity is the timely presentation of a claim to the appropriate federal government agency. *See United States v. Kubrick,* 444 U.S. 111, 117, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979). An FTCA claim accrues once the injured party knows both the fact of his injury and its cause. *See Kubrick,* 444 U.S. at 122, 100 S.Ct. 352; *Sexton v. United States,* 832 F.2d 629, 633 (D.C.Cir.1987). "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency *within two years after such claim accrues* or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b) (emphasis added). Thus, the filing of an administrative claim with the appropriate agency is a mandatory prerequisite to the filing of a lawsuit against the United States; without it, the

Court lacks jurisdiction to entertain a claimant's tort claims. *See Jackson v. United States,* 730 F.2d 808, 809 (D.C.Cir. 1984); *Stokes v. United States Postal Serv.,* 937 F.Supp. 11, 14 (D.D.C.1996).

Plaintiff cannot prevail on a claim under the FTCA for three reasons. First, defendant establishes that plaintiff "has not filed an administrative claim with or against the Department of the Navy based on the subject matter of the [instant] action." Def.'s Mot., Leonard Decl. at 2.[1] "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993). Second, any administrative claim under the FTCA would be time barred. The alleged injury plaintiff suffered would have accrued in 1976 upon his release from incarceration. The two-year statute of limitations had long since run by 2006 when plaintiff filed the instant civil action.

Plaintiff counters that "for almost 30 years ... [he] had been appealing, never stopped SEEKING and looking for an AVENUE to APPEAL, RE–APPEAL and SUCH, and CONTESTING the SPECIAL COURT–MARTIAL that tried [him] in 1976 (and that the OVER–INCARCERATION issue is always ASSUMED)[.]" Pl.'s Opp'n at 2 (capital letters in original). These efforts appear to have been direct and collateral challenges to the special court-martial conviction and sentence, requests for clemency, applications for review of his bad conduct discharge, and attempts to obtain benefits from the De-

---

**1.** A motion to dismiss pursuant to Rule 12(b)(1) can refer to material outside of the pleadings without being converted into a motion for summary judgment. *See, e.g., Herbert v. Nat'l Acad. of Sciences,* 974 F.2d 192, 197 (D.C.Cir.1992); *Bonterra Am., Inc. v. Best-* *mann,* 907 F.Supp. 4, 5 n. 1 (D.D.C.1995) (noting that, "[i]n deciding a motion to dismiss a case for lack of subject matter jurisdiction, the Court may consider evidentiary matters outside the pleadings").

partment of Veterans Affairs. *See id.,* Annex B. None of these efforts appears to have been an administrative claim submitted to the Navy pursuant to the FTCA.

 In the alternative, plaintiff appears to argue that the two-year statute of limitations is tolled because he has suffered and continues to suffer from post-traumatic stress disorder following the special court-martial in 1976 and subsequent overdetention. Pl.'s Opp'n at 3. No court is in a position to alter the two-year statute of limitations established by Congress, *see Kubrick,* 444 U.S. at 117–18, 100 S.Ct. 352, and his condition would not excuse the late filing of his claim.

 Lastly, the United States cannot be held liable under the FTCA "for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." *Feres v. United States,* 340 U.S. 135, 146, 71 S.Ct. 153, 95 L.Ed. 152 (1950). Plaintiff's conviction, sentence, and incarceration pursuant to the Uniform Code of Military Justice necessarily arose out of or was incident to his Navy service. *See Schnitzer v. Harvey,* 389 F.3d 200 (D.C.Cir.2004) (applying *Feres* doctrine to dismiss FTCA claim filed by military prisoner injured while serving a 29–year sentence at the United States Disciplinary Barracks in Fort Leavenworth, Kansas following his court-martial convictions).

### B. Plaintiff's Claim for Monetary Damages is Barred

 To the extent that plaintiff collaterally challenges the special court-martial conviction or the four-month sentence imposed, his claim must fail. The Supreme Court has held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by

actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove *487 that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Where, as here, "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," the court must dismiss the complaint "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487, 114 S.Ct. 2364. Plaintiff does not show that his conviction or sentence has been declared invalid. To the contrary, his recitation of events demonstrates that the Convening Authority approved the sentence imposed by the special court-martial, that the Navy Court of Military Review affirmed his conviction, and that the Navy Discharge Review Board denied his application for review of his bad conduct discharge. *See* Pl.'s Opp'n, Annex B (History of the Case).

### III. CONCLUSION

For the reasons stated herein, the Court will grant defendant's motion to dismiss. An Order consistent with this Memorandum Opinion is issued separately.