UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JAN 1 9 2010

**Clerk, U.S. District and Bankruptcy Courts**

Clyde Lacy Rattler,          )
                             )
        Plaintiff,           )
                             )
    v.                       )          Civil Action No.  **10 0087**
                             )
United States of America,    )
                             )
        Defendant.           )

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the complaint dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the Court determines that it lacks subject matter jurisdiction).

Plaintiff is a District of Columbia resident suing the United States for negligence. He seeks "an unlimited sum of money." Compl. at 2. A claim for monetary damages against the United States is cognizable under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq*. Such a claim is maintainable, however, only after the plaintiff has exhausted his administrative remedies by "first present[ing] the claim to the appropriate Federal agency. . . ." 28 U.S.C. § 2675. This exhaustion requirement is jurisdictional. *See GAF Corp. v. United States*, 818 F.2d 901, 917-20 (D.C. Cir. 1987); *Jackson v. United States*, 730 F.2d 808, 809 (D.C. Cir. 1984); *Stokes v. U.S. Postal Service*, 937 F. Supp. 11, 14 (D.D.C. 1996). Plaintiff has not indicated that he exhausted his administrative remedies. Therefore, the complaint will be dismissed. *See Abdurrahman v. Engstrom*, 168 Fed.Appx. 445, 445 (D.C. Cir. 2005) (per curiam) ("[T]he district court properly dismissed case [based on unexhausted FTCA claim] for

lack of subject matter jurisdiction.").   A separate Order accompanies this Memorandum

Opinion.

United States District Judge

Date: January 13, 2010