UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

AUG 2 5 2010

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

|  |  |
|---|---|
| Antonio Colbert, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. **10 1437** |
| | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case for lack of subject matter jurisdiction.

In two separately submitted complaints consolidated into this single action, plaintiff, a District of Columbia resident, sues the Social Security Administration ("SSA") for alleged harassment. In his complaint received on July 12, 2010, plaintiff alleges that employees of defendant's office in Cincinnati, Ohio, have "systematically harrassed [sic] me" to maintain social security benefits that apparently were court ordered. Compl. at 1. In his subsequent complaint received on August 2, 2010, plaintiff alleges that for eight years, SSA employees have "harrassed [sic] me unconditionally and assasinated [sic] my character!" Compl. at 2. He seeks a total of $600,000 in damages.

A claim for monetary damages against the United States, including its agency components, is cognizable under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq*. Such a claim is maintainable, however, only after the plaintiff has exhausted his

administrative remedies by "first present[ing] the claim to the appropriate Federal agency. . . ." 28 U.S.C. § 2675. This exhaustion requirement is jurisdictional. *See GAF Corp. v. United States*, 818 F.2d 901, 917-20 (D.C. Cir. 1987); *Jackson v. United States*, 730 F.2d 808, 809 (D.C. Cir. 1984); *Stokes v. U.S. Postal Service*, 937 F. Supp. 11, 14 (D.D.C. 1996). Plaintiff has not indicated that he exhausted his administrative remedies. The case therefore will be dismissed. *See Abdurrahman v. Engstrom*, 168 Fed.Appx. 445, 445 (D.C. Cir. 2005) (per curiam) ("[T]he district court properly dismissed case [based on unexhausted FTCA claim] for lack of subject matter jurisdiction."). A separate Order of dismissal accompanies this Memorandum Opinion.

_____
United States District Judge

Date: August **16**, 2010

2