UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

FEB - 5 2013

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Don Jones,              )
                   )
     Plaintiff,         )
                   )
     v.              )     Civil Action No.
                   )
Department of Justice *et al.*,   )
                   )    **13 0161**
     Defendants.       )
                   )

MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application to proceed *in forma pauperis* and will dismiss this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Plaintiff, a District of Columbia resident, sues the Department of Justice for $500 million. The complaint stems from plaintiff's alleged visit to the Drug Enforcement Administration where he was "handcuffed and given a notice that I am not allowed in their building." Compl. at 1.

A claim for monetary damages against the United States is cognizable under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq.* Such a claim is maintainable, however, only after the plaintiff has exhausted administrative remedies by "first present[ing] the claim to the appropriate Federal agency. . . ." 28 U.S.C. § 2675. This exhaustion requirement is jurisdictional. *See GAF Corp. v. United States*, 818 F.2d 901, 917-20 (D.C. Cir. 1987); *Jackson*

1

*v. United States*, 730 F.2d 808, 809 (D.C. Cir. 1984); *Stokes v. U.S. Postal Service*, 937 F. Supp. 11, 14 (D.D.C. 1996). Since plaintiff has not indicated that he exhausted his administrative remedies under the FTCA, this case will be dismissed. *See Abdurrahman v. Engstrom*, 168 Fed.Appx. 445, 445 (D.C. Cir. 2005) (per curiam) ("[T]he district court properly dismissed case [based on unexhausted FTCA claim] for lack of subject matter jurisdiction."). A separate Order accompanies this Memorandum Opinion.

United States District Judge

Date: January 31, 2013

2