John CHEKROUN, Plaintiff

v.

SMALL BUSINESS ADMINISTRATION, et al., Defendants.

No. 3:97CV2625 (WWE).

United States District Court, D. Connecticut.

Dec. 31, 1998.

### RULING ON MOTION TO DISMISS OF SMALL BUSINESS ADMINISTRATION

#### INTRODUCTION

EGINTON, Senior District Judge.

The United States of America, acting on behalf of the Small Business Administration ("SBA"), an agency thereof, has moved to dismiss the complaint as to it, pursuant to Federal Rule of Civil Procedure 12(b)(1). SBA contends that, because plaintiff has failed to exhaust his administrative remedies as to the SBA, there is no subject matter jurisdiction over that Agency.

The Court agrees with SBA's position and the Motion to Dismiss (Doc. No. 69) is GRANTED.

*STATEMENT OF RELEVANT FACTS*

The Court summarizes only those facts believed necessary to an understanding of the issues in, and decision rendered on, this Motion.

SBA is an agency of the United States which, *inter alia,* guarantees loans made to small business concerns. SBA and AT & T Small Business Lending Corp.(AT&T) entered into an agreement whereby AT&T would process, close, service and liquidate loans made to small business under the Preferred Lenders Program ("PLP").

A PLP loan was made to plaintiff herein for the purchase of property and a business, upon his application to AT&T. A one-page lender's application and eligibility documents were forwarded to SBA and, upon receipt thereof, SBA determined that plaintiff's business was a small business and that the type of business in which it engaged was eligible. The SBA had no more input into the loan from AT&T.

Following the closing of the mortgage loan, AT&T closed and serviced the loan. After making payments on the mortgage loan for several months, plaintiff defaulted on the loan and abandoned the premises.

This suit followed, naming SBA, AT&T, the sellers, the suppliers of petroleum products to that part of the business which was a gas station, and the real estate and mortgage brokers. It is alleged in the complaint that SBA negligently failed to disclose to plaintiff certain information and that the SBA made misrepresentations which induced plaintiff to enter into an allegedly onerous and one-sided commercial transaction.

## LEGAL ANALYSIS

### I. *The Standard of Review*

Failure to disclose pertinent information and misrepresentation are tort claims. As such, each falls under the Federal Tort Claims Act ("FTCA"). *See* 28 U.S.C. §§ 3146(b), 2671–2680.

FTCA causes of action may be brought into a federal court only if "the claimant shall have first presented the claim to the appropriate federal agency and his claim shall have finally denied by the agency .... 28 U.S.C. § 2675(a)." This administrative prerequisite to suit is jurisdictional and cannot be waived; failure to comply with it mandates dismissal of the court proceedings. *See Contemporary Mission, Inc. v. United States Postal Serv.,* 648 F.2d 97 (2d Cir. 1981); *accord Henderson v. United States,* 785 F.2d 121 (4th Cir.1986); *Jackson v. United States,* 730 F.2d 808 (D.C.Cir.1984) (per curiam).

### II. *The Standard As Applied*

The present complaint does not allege that plaintiff has filed an administrative claim with the SBA prior to initiating this suit. Inasmuch as the requirement of filing an administrative claim is strictly construed, *United States v. Sherwood,* 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941), the failure to file such a claim deprives this Court of jurisdiction to entertain such an action at this time. Fed.R.Civ.P. 12(b)(1).[1]

In contradistinction to plaintiff's argument, there exist no "unique or extenuating circumstances" which excuse exhaustion of administrative remedies before the SBA as to his tort claims.

Further, as the Government points out, any alleged "contract dispute" between plaintiff and the SBA must be brought before the Court of Federal Claims, not a federal district court, inasmuch as the instant claims seek in excess of $10,000. Contract disputes with the Government are governed by the Tucker Act, which requires dismissal or transfer in this case, due to the amounts claimed herein. *See* 28 U.S.C. § 1346(a)(2); 28 U.S.C. § 1491. Thus, plaintiff's asserted

---

1. In any event, the FTCA has not waived sovereign immunity for tort claims based on the action of contractors of the government. *United States v. Orleans,* 425 U.S. 807, 814, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976); *Leone v. United States,* 910 F.2d 46, 50 (2d Cir.1990), *cert. denied,* 499 U.S. 905, 111 S.Ct. 1103, 113 L.Ed.2d 213 (1991). In fact, the FTCA expressly excludes from its definitions of "employee" and "federal agency" "any contractor with the United States." 28 U.S.C. § 2671. Due to its major and continuing role with plaintiff, AT&T plainly falls within the definition of "any contractor."

contract claims are also without the jurisdiction of this Court.

### CONCLUSION

For the reasons set forth herein, the Motion to Dismiss of the SBA (Doc. No. 69) is GRANTED.

SO ORDERED