## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OMAR ALEJANDRO MEDINA, *Plaintiff*, v. UNITED STATES OF AMERICA, *Defendant*. | Civil Action No. 20-0327 (TJK) |

## MEMORANDUM OPINION

Omar Alejandro Medina, proceeding *pro se*, asserts that the United States of America owes him "110M" for "[n]egligence" because he "[w]ent to hospital [*sic*] several times—almost died." ECF No. 1-1 at 2. He brought this action in the Superior Court of the District of Columbia, and the United States removed it to this Court pursuant to 28 U.S.C. § 1442(a)(1). ECF Nos. 1–2. For the below reasons, the Court dismisses Medina's complaint without prejudice, sua sponte, for failure to comply with Federal Rule of Civil Procedure 8(a) and for lack of subject-matter jurisdiction.

Although *pro se* plaintiffs are generally held to a less stringent standard, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), they must still comply with the Court's procedural rules, "and district courts have discretion to dismiss a pro se plaintiff's complaint sua sponte for non-compliance," *Fontaine v. JPMorgan Chase Bank, N.A.*, 42 F. Supp. 3d 102, 107 (D.D.C. 2014). Rule 8(a) states that, at a minimum, a complaint must provide "a short and plain statement of the grounds for the court's jurisdiction" and a "statement of the claim showing that the pleader is entitled to relief." The purpose of the Rule 8 standard is to give fair notice to the defendant of the claims being asserted, sufficient to prepare a responsive answer and an adequate

defense, and to determine whether *res judicata* applies. *Brown v. Califano,* 75 F.R.D. 497, 498 (D.D.C. 1977). The Court also "shall dismiss [a] case at any time" if it determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). To state a claim, "a complaint must contain sufficient factual matter" for that claim to be "plausible," which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The entirety of Medina's threadbare complaint (1) alleges negligence and that he almost died in the hospital, (2) recites certain GPS coordinates, and (3) seeks "a quick payment" of "110M" "to get these losers off [his] back and [to] stop violating [his] privacy." ECF No. 1-1 at 2–4, 7. But it does not say anything about how the United States was negligent or injured him. That warrants dismissal. *See Schultz v. United States Dep't of Health & Human Servs.*, 739 F. App'x 654, 654 (D.C. Cir. 2018) (per curiam) (district court may sua sponte dismiss a "case without prejudice on the ground that the complaint did not meet the requirements of Federal Rule of Civil Procedure 8(a)"); 28 U.S.C. § 1915(e)(2)(B)(ii); *Iqbal*, 556 U.S. at 678.

Furthermore, Medina's complaint suggests no reason why the Court has subject matter jurisdiction over the case, which—as a court of limited jurisdiction—it "is obliged to address . . . *sua sponte*." *Doe by Fein v. D.C.*, 93 F.3d 861, 871 (D.C. Cir. 1996) (per curiam). Medina seeks money damages for a negligence claim against the United States. ECF No. 1-1 at 2. But in general, sovereign immunity bars such suits. *See Clark v. Library of Cong.*, 750 F.2d 89, 103 (D.C. Cir. 1984); 28 U.S.C. § 1915(e)(2)(B)(iii) ("the court shall dismiss the case at any time if the court determines that" the action "seeks monetary relief against a defendant who is immune from such relief"). Although he does not invoke it, Medina may seek to proceed under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b)(1), 2671 *et seq.*, which operates as a

limited waiver of the United States' sovereign immunity. But even then, claimants must meet the jurisdictional prerequisite of filing an administrative complaint with the appropriate agency before filing suit. *See* 28 U.S.C. §§ 2675(a), 2679(d)(5); *Jackson v. United States*, 730 F.2d 808, 809 (D.C. Cir. 1984) ("Such a[n administrative] claim is a mandatory jurisdictional prerequisite to a[n FTCA] suit against the United States."). Medina has not demonstrated that he has exhausted his administrative remedies about whatever claim he may have, and therefore the Court lacks subject-matter jurisdiction over his complaint.

For all these reasons, the Court will dismiss the case without prejudice. A separate order will issue.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: February 13, 2020